UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------------x

NAKIA EVANS,

                                        Plaintiff,                          COMPLAINT

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER                            Jury Trial Demanded
CAMERON EVELYN, Shield No. 3980, POLICE
OFFICER MICHAEL GARGANO, Shield No. 24508,
SGT. DANIEL CRAWFORD, Shield No. 3108,
and JOHN and JANE DOE 1 through 3, Individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

-------------------------------------------------------------------x

        Plaintiff, NAKIA EVANS, by her attorney, EDWARD FRIEDMAN, complaining of

the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff NAKIA EVANS is a legal resident of the United States and a resident of the State of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.    That at all times hereinafter mentioned, the defendants, EVELYN CAMERON, MICHAEL GARGANO and DANIEL CRAWFORD and JANE DOE 1 through 3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.    Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On February 11, 2011 at approximately 12:30 P.M plaintiff NAKIA EVANS was lawfully operating a motor vehicle at or near the intersection of Nostrand Avenue and Glenwood Road, in the County of Kings, City of New York.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff NAKIA EVANS while she was seated in her motor vehicle at the above location, forcibly removed her from the vehicle and arrested her. The plaintiff was taken to the 70th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where she was arraigned on charges of , Assault in the Third Degree, Obstructing Governmental Administration in the Second Degree, Reckless Driving, Disorderly Conduct, Obstructing Traffic at Intersection and Obedience to Police Officers

and Flag persons.  Plaintiff was held in custody until approximately twenty-four hours when she was released on her own recognizance.

15.    Defendants accused the plaintiff of intentionally striking defendant Evelyn with her vehicle while he had her car stopped for a traffic violation.

16.    The plaintiff was prosecuted on all these charges until April 26, 2012 when she  was found not guilty afer a jury trial of Assault in the Second and Third Degree, Obstruction of Governmental Administration in the Second Degree and Reckless Driving.

17.    She was convicted of Obedience to Police Officer and Flag persons and Obstructing Traffic at Intersection, two minor moving violations under the New York Vehicle and Traffic Law.

18    As a result of the foregoing, plaintiff NAKIA EVANS, sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

19.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

21.    All of the aforementioned acts deprived plaintiff NAKIA EVANS of the

4

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

22.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25.     As a result of the aforementioned conduct of defendants, plaintiff NAKIA EVANS was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest Under 42 U.S.C. §1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     The defendants unlawfully arrested the plaintiff against her will without

probable cause on misdemeanor charges.

28.    As a result of the foregoing, plaintiff was deprived of her Fourth and

Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution Under 42 U.S.C.§1983)

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth

herein.

30.    Defendants initiated, commenced and continued a malicious prosecution

against the plaintiff by providing false and/or misleading information to the Kings County

District Attorney's Office.

31.    Defendants caused plaintiff to be prosecuted until April 26, 2012, when she

was acquitted of all misdemeanor charges.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability Under 42 U.S.C. §1983)

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs number "1" though "31" with the same force and effect as if fully set forth

herein.

33.    The supervisory defendants personally caused plaintiff's constitutional injury

by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

34.    As a result of the aforementioned conduct of defendants, plaintiff NAKIA EVANS was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure To Intervene Under 42 U.S.C. §1983)

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants had an affirmative duty to intervene on behalf of plaintiff NAKIA EVANS, whose constitutional rights were being violated in their presence by other officers.

37.    The defendants failed to intervene to prevent the unlawful conduct described herein.

38.    As a result of the foregoing, plaintiff NAKIA EVANS' liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability Under 42 U.S.C. §1983)

39.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

41.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of derogatory, disparaging language against young African-Americans by the NYPD.    In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NAKIA EVANS' rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NAKIA EVANS.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NAKIA EVANS as alleged herein.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind

8

the Constitutional violations suffered by plaintiff NAKIA EVANS as alleged herein.

45.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff NAKIA EVANS was unlawfully stopped, seized, assaulted, detained and incarcerated.

46.  All of the foregoing acts by defendants deprived plaintiff NAKIA EVANS of federally protected rights, including, but not limited to, the right:

 A. To be free from false arrest and malicious prosecution;

 B. To be free from the failure to intervene.

47.  As a result of the foregoing, plaintiff NAKIA EVANS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

 A. Full and fair compensatory damages in an amount to be determined by a jury;

 B. Punitive damages in an amount to be determined by a jury;

 C. Reasonable attorney's fees on behalf plaintiff and the costs and disbursements of their actions; and

 D. Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
   October 19, 2012

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849