UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NAKIA EVANS,

                             Plaintiff,                12-CV-5341 (MKB)(VMS)

               -against-

THE CITY OF NEW YORK, POLICE OFFICER
CARMERON EVELYN, Shield No. 3980, POLICE
OFFICER MICHAEL GARGANO, Shield No. 24508,
SGT. DANIEL CRAWFORD, Shield No. 3108, and JOHN
and JANE DOE 1 through 3, Individually and in their
official capacities (the Names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

---------------------------------------------------------------------- x

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

JEFFREY D. FRIEDLANDER
Acting Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-208
New York, New York 10007
(212) 356-2656


Of Counsel:

Patrick Beath

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................iv

PRELIMINARY STATEMENT .................................................................... 1

STATEMENT OF FACTS ............................................................................ 1

GOVERNING STANDARDS ....................................................................... 2

ARGUMENT ................................................................................................ 3

    POINT I ....................................................................................................... 3

        PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
        FAILS .........................................................................................3

        A.   Plaintiff Cannot Show That the Charges Terminated in
              Her Favor .......................................................................4

        B.   Plaintiff Cannot Show that her Prosecution on the
              Charges of Acquittal Caused A Constitutionally
              Cognizable Deprivation of Liberty .......................................7

        C.   Plaintiff Cannot Show that Officer Gargano or Sgt.
              Crawford Initiated Her Prosecution ....................................10

        D.   Plaintiff Cannot Show that The Prosecution on The
              Charges Resulting in Acquittal Were Unsupported by
              Probable Cause................................................................11

        E.   Plaintiff's Malicious Prosecution Claim is Barred by
              the Supreme Court's Decision in Heck v. Humphrey,
              512 U.S. 477 (1994).......................................................15

        F.   Officer Evelyn is Entitled to Qualified Immunity on
              Plaintiff's Malicious Prosecution Claim.............................17

    POINT II ..................................................................................................... 17

        PLAINTIFF'S FAILURE TO INTERVENE CLAIM
        FAILS ..........................................................................................17

POINT III ............................................................................................................ 18

    PLAINTIFF'S CLAIM FOR SUPERVISORY LIABILITY
    FAILS ........................................................................................................ 18

POINT IV ........................................................................................................... 19

    PLAINTIFF'S CLAIM FOR MUNICIPAL LIABILITY
    FAILS ........................................................................................................ 19

CONCLUSION ..................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

Abreu v. City of New York,
   657 F. Supp. 2d 357 (E.D.N.Y. 2009) ....................................................................19

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................18

Barcomb v. Sabo,
   487 Fed. Appx. 645 (2d Cir. 2012) ....................................................................17

Breeden v. City of New York,
   2014 U.S. Dist. LEXIS 4165 (E.D.N.Y. Jan. 13, 2014) ........................................10

Burt v. Smith,
   181 N.Y. 1 (1905) ..........................................................................................4, 16

Cameron v. Fogarty,
   806 F.2d 380 (2d Cir. 1986) ................................................................................8

City of Canton v. Harris,
   489 U.S. 378 (1989)............................................................................................20

Colon v. Coughlin,
   58 F.3d 865 (2d Cir. 1995) ................................................................................19

Cox v. Hainey,
   391 F.3d 25 (1st Cir. 2004) ................................................................................13

Dellutri v. Elmsford,
   895 F. Supp. 2d 555 (S.D.N.Y. 2012) ..................................................................8

DiBlasio v. City of N.Y.,
   102 F.3d 654 (2d Cir. 1996)......................................................................4, 6, 16

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004) ..............................................................................17

Faison v. Maccarone,
   No 11-CV-0137 (JFB) (ETB),
   2012 U.S. Dist. LEXIS 27330 (E.D.N.Y. Mar. 1, 2012) ........................................19

Feinberg v. City of New York,
   99 CV 12127 (RCC),
   2004 U.S. Dist. LEXIS 16098 (S.D.N.Y. Aug. 13, 2004) ......................................18

**Cases**                                                                                                        **Pages**

Foy v. City of New York,
    03 Civ. 7318 (HB),
    2004 U.S. Dist. LEXIS 18274 (S.D.N.Y. Sep. 10, 2004) .......................................................18

Fulton v. Robinson,
    289 F.3d 188 (2d Cir. 2002) ...........................................................................................4

Harley v. Suffolk County Police Dep't,
    No. 09-CV-2897 (JFB) (ARL),
    2012 U.S. Dist. LEXIS 25708 (E.D.N.Y. Feb. 28, 2012) ....................................................5

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) .....................................................................................................17

Hartman v. Moore,
    547 U.S. 250 (2006) .....................................................................................................10

Heck v. Humphrey,
    512 U.S. 477 (1994) ...................................................................................................1, 15

Higazy v. Templeton,
    505 F.3d 161 (2d Cir. 2007)...........................................................................................3

Holmes v. Grant,
    03 Civ. 3426 (RJH) (RLE),
    2006 U.S. Dist. LEXIS 15743 (S.D.N.Y. Mar. 31, 2006) ....................................................9

Illinois v. Gates,
    462 U.S. 213 (1983) .....................................................................................................11

Janetka v. Dabe,
    892 F.2d 187 (2d Cir. 1989) ...........................................................................................5

Jaramillo v. Weyerhaeuser Co.,
    536 F.3d 140 (2d Cir. 2008)...........................................................................................3

Jean-Laurent v. Wilkinson,
    540 F. Supp. 2d 501 (S.D.N.Y. 2008) ...........................................................................18

Jeffreys v. City of New York,
    426 F.3d 549 (2d Cir. 2005)...........................................................................................3

Johnston v. Port Auth. of N.Y. & N.J.,
    09-CV-4432 (JG) (CLP),
    2011 U.S. Dist. LEXIS 82815 (E.D.N.Y. July 28, 2011) .....................................................8

**Cases**                                                                          **Pages**

Jones v. City of New York,
    12-CV-1739 (JBW),
    2013 U.S. Dist. LEXIS 179265 (E.D.N.Y. Dec. 20, 2013) ..................................................9

Kent v. Thomas,
    464 Fed. Appx. 23 (2d Cir. 2012) .......................................................................11

Kinzer v. Jackson,
    316 F.3d 139 (2d Cir. 2003) ...........................................................................3

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996) .......................................................................11, 17

Malley v. Briggs,
    475 U.S. 335 (1986) .................................................................................17

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010) ..........................................................................10

Maryland v. Pringle,
    540 U.S. 366 (2003) .................................................................................11

Middleton v. City of New York,
    No 04-CV-1304 (JFB) (LB),
    2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. June 19, 2006) ......................................................10

Miner v. Clinton County, N.Y.,
    541 F.3d 464 (2d Cir. 2008)...........................................................................3

Monell v. Department of Social Services,
    436 U.S. 658 (1978).............................................................................19, 20

Newton v. City of New York,
    681 F. Supp. 2d 473 (S.D.N.Y. 2010)....................................................................3

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ...........................................................................18

Parkash v. Town of Southeast,
    10 CV 8098 (VB),
    2011 U.S. Dist. LEXIS 128545 (S.D.N.Y. Sept. 30, 2011) ...................................................8

Parkash v. Town of Southeast,
    468 Fed. Appx. 80 (2d Cir. 2012) ......................................................................8

**<u>Cases</u>**                                                                                                                          **<u>Pages</u>**

<u>Pichardo v. N.Y. Police Dep't</u>,
   No. 98-CV-429 (DLC),
   1998 U.S. Dist. LEXIS 18025 (S.D.N.Y. Nov. 18, 1998) ......................................................5

<u>Poventud v. City of New York</u>,
   2014 U.S. App. LEXIS 864 (2d Cir. Jan. 14, 2014) ...............................................................16

<u>Ricciuti v. New York City Transit Auth.</u>,
   124 F.3d 123 (2d Cir. 1997) ...................................................................................................13

<u>Roe v. City of Waterbury</u>,
   542 F.3d 31, 34 (2d Cir. 2008)) .................................................................................................3

<u>Rohman v. New York City Transit Authority</u>,
   215 F.3d 208 (2d Cir. 2000)....................................................................................................10

<u>Rothstein v. Carriere</u>,
   373 F.3d 275 (2d Cir. 2004)......................................................................................................4

<u>Saucier v. Katz</u>,
   533 U.S. 194 (2001) ...............................................................................................................18

<u>SCR Joint Venture L.P. v. Warshawsky</u>,
   559 F.3d 133 (2d Cir. 2009)......................................................................................................3

<u>Singer v. Fulton County Sheriff</u>,
   63 F.3d 110 (2d Cir. 1995) .......................................................................................................7

<u>Williams v. Town of Greenburgh</u>,
   535 F.3d 71 (2d Cir. 2008) ......................................................................................................11

<u>Zalaski v. City of Hartford</u>,
   723 F.3d 382 (2d Cir. 2013) ...................................................................................................13

## PRELIMINARY STATEMENT

Plaintiff Nakia Evans brings claims for malicious prosecution and failure to intervene against defendants Cameron Evelyn and Michael Gargano, a claim for supervisory liability against Daniel Crawford, and a claim for municipal liability against the City of New York.[1]  Defendants now move for summary judgment on all plaintiff's claims for the following reasons: (1) plaintiff's claim for malicious prosecution under the Fourth Amendment fails because (a) she cannot show that any of the charges prosecuted against her—even those of which she was acquitted—terminated in her favor, caused a Fourth Amendment seizure, were initiated by defendants Gargano or Crawford, or lacked probable cause, (b) the claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and (c) Officer Evelyn is entitled to qualified immunity on this claim; (2) plaintiff's claims for failure to intervene, supervisory liability and municipal liability all fail because she cannot show that her prosecution subjected her to any underlying deprivation of rights.

## STATEMENT OF FACTS

On February 11, 2011, plaintiff Nakia Evans, driving an Access-a-Ride vehicle, picked up a passenger, Donald Malcolm, on East 42nd Street in Brooklyn.  Plaintiff then drove to the intersection of Nostrand Avenue and Glenwood Road in Brooklyn, where traffic was heavy.  As plaintiff proceeded through the intersection of Nostrand Avenue and Glenwood Road she got "caught" in the intersection, with a van in front of her and a UPS truck to her left.  Officer Cameron Evelyn, standing on the corner, signaled plaintiff to turn her car to the right or left onto Glenwood Road in order to clear the intersection.  Plaintiff failed to make the turn as directed.  Officer Evelyn then verbally told plaintiff to turn her car.  Again, plaintiff did not turn her

---

[1] Plaintiff's claims for general deprivation of rights and false arrest were dismissed during the pre-motion conference held before Your Honor on December 16, 2013.

vehicle.  Thereafter, Officer Evelyn approached the driver's side of plaintiff's vehicle.  After some conversation, plaintiff moved her vehicle, striking Officer Evelyn on his right leg and hip, causing him pain.  Although neither plaintiff nor Mr. Malcolm, her passenger, observed the vehicle strike Officer Evelyn, Malcolm heard Officer Evelyn yell out "You hit me with the vehicle, you hit me with the vehicle" immediately after plaintiff began to move her car. Additionally, plaintiff admits that, a short time after she moved the car, Officer Evelyn complained aloud that his leg hurt and accused plaintiff of hitting him with her car.  An ambulance came to the scene and removed Officer Evelyn to Beth Israel Hospital where he was diagnosed with a contusion to his right leg.  Officer Evelyn was out of work on Line of Duty leave due to the injuries stemming from this incident until April 1, 2011.

Plaintiff was arrested and, the following day, was arraigned on charges of Assault in the Second and Third degrees, Obstructing Governmental Administration in the Aecond Degree, Disorderly Conduct, Reckless Driving, Obedience to Police Officers and Flagpersons, and Obstructing Traffic at an Intersection.  She pled not guilty to all of these charges.  On June 13, 2013, the top charge of Second Degree Assault was dismissed by the district attorney because this was plaintiff's first arrest.  On September 30, 2011, a superseding information was filed adding charges of Attempted Assault in the Third Degree, and Reckless Endangerment in the Second Degree, though the Attempted Assault charge was dismissed prior to trial.

Plaintiff's case continued to a trial on or about April 19, 2012.  Plaintiff was tried and convicted of Obstructing Traffic in an Intersection and Obedience to Police Officers and Flagpersons, but was acquitted of all other charges.

## GOVERNING STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"'An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law.'" SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009) (quoting Roe v. City of Waterbury, 542 F.3d 31, 34 (2d Cir. 2008)). "[T]he burden of demonstrating that no material fact exists lies with the moving party . . ." Miner v. Clinton County, N.Y., 541 F.3d 464, 471 (2d Cir. 2008).

"[T]o defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact." Newton v. City of New York, 681 F. Supp. 2d 473, 484-485 (S.D.N.Y. 2010). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008). To do so, the non-moving party must do more than show that there is "some metaphysical doubt as to the material facts," Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) (quotation omitted), and "may not rely on conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quotation omitted).

## ARGUMENT

### POINT I

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS

To sustain a § 1983 claim of malicious prosecution, plaintiff must demonstrate (1) that defendants commenced or continued a criminal prosecution against her; (2) without probable cause to believe that the prosecution would succeed; (3) with malice; (4) the prosecution terminated in plaintiff's favor; and (5) plaintiff suffered a constitutionally cognizable deprivation of liberty as a result of the prosecution. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

Based on the undisputed evidence in this matter, plaintiff's malicious prosecution claim fails for the reasons set forth below.

**A.      Plaintiff Cannot Show That the Charges Terminated in Her Favor**

When "a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence."  Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002).   Here, plaintiff was convicted to Obedience to Police Officers and Flagpersons, and Obstructing Traffic at an Intersection, the very antithesis of a favorable termination.   As such, plaintiff cannot premise her malicious prosecution claim upon these charges.

Additionally, the dismissal of the second degree assault charge fails to qualify as a favorable termination.  To establish that a dismissal qualifies as a favorable termination, plaintiff must establish that the dismissal is "not inconsistent with innocence."  Rothstein v. Carriere, 373 F.3d 275, 286 (2d Cir. 2004).  Where the dismissal results from "mercy requested or accepted by the accused," the termination is not considered favorable.  Id.  Here, the Court record makes clear that the District Attorney dismissed the second degree assault charge out of mercy because this was plaintiff's first arrest.  As such, it is not a favorable termination.

Because the criminal proceeding against plaintiff resulted in conviction, it cannot be understood to have terminated in her favor.  See DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996) ("'A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and *which finally ends in failure*.") (quoting Burt v. Smith, 181 N.Y. 1, 5 (1905)).  Nevertheless, it is settled law in this Circuit that "a conviction on some charges does not necessarily bar a malicious prosecution claim on an acquitted count; rather, the Court should analyze a number of factors, including the relative seriousness of the two offenses

- 4 -

'whether the elements of each charge are different, whether one charge is a lesser included offense of the other, and whether the alleged actions were directed at different people.'" Harley v. Suffolk County Police Dep't, No. 09-CV-2897 (JFB) (ARL), 2012 U.S. Dist. LEXIS 25708, at *23 (E.D.N.Y. Feb. 28, 2012) (quoting Pichardo v. N.Y. Police Dep't, No. 98-CV-429 (DLC), 1998 U.S. Dist. LEXIS 18025, at *10 (S.D.N.Y. Nov. 18, 1998) (citing Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989))).

As set forth above, plaintiff was convicted of Obstructing Traffic in an Intersection and Obedience to Police Officers and Flagpersons. Concerning the former, the New York Vehicle and Traffic Law reads: "When vehicular traffic is stopped on the opposite side of an intersection, no person shall drive a vehicle into such intersection, except when making a turn unless there is adequate space on the opposite side of the intersection to accommodate the vehicle he is driving notwithstanding the indication of a traffic control signal which would permit him to proceed." N.Y. V.T.L. § 1175. Concerning the latter, the Vehicle and Traffic law reads: "No person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic." N.Y. V.T.L. § 1102. Because the elements of these charges are similar to certain of the criminal charges of which plaintiff was acquitted, and because plaintiff's actions underlying both the charges of conviction and acquittal were intertwined and all directed toward Officer Evelyn, plaintiff's acquittals here cannot be considered a favorable termination.

First, all the charges herein arise from a single transaction. Cf. Janetka, 892 F.2d at 190 (holding that acquittal on one charge is a favorable termination because "Janetka was charged with two distinct offenses involving distinct allegations."). Plaintiff obstructed traffic in the intersection, then refused to turn out of the intersection upon Officer Evelyn's physical and

verbal orders to do so.  As Officer Evelyn was speaking with plaintiff about her unlawful conduct, she moved her car, striking him.  Because all the offenses arose from a single transaction and were all directed at Officer Evelyn—specifically, in disobeying Officer Evelyn—they should fall together.  See DiBlasio v. City of New York, 102 F.3d 654, 659 (2d Cir. 1996) (affirming dismissal of malicious prosecution claim where plaintiff was convicted of a lesser charge of possession of narcotics, and acquitted of the greater charge of sale of narcotics where both charges arose from a singular transaction).

Second, the elements of the offenses of Reckless Driving, Obstruction of Governmental Administration, and Disorderly Conduct, each of which resulted in acquittal, dovetail almost seamlessly with the traffic offenses of which plaintiff was convicted, further illustrating that plaintiff cannot show that her acquittal of these charges was favorable. Specifically, the New York Vehicle and Traffic law defines reckless driving as "driving or using" a motor vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway."  N.Y. V.T.L. § 1212.  Plaintiff's conviction for obstruction of traffic in an intersection is plainly related to this charge that she "unreasonably interfere[d] with the free and proper use of the public highway."

Similarly, a person is guilty of disorderly conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [she] obstructs vehicular or pedestrian traffic[.]"  N.Y. Penal Law § 240.20.  This charge, too, fits well with the jury finding that plaintiff obstructed traffic at an intersection.  Given its close relation to plaintiff's offense of conviction, her acquittal for disorderly conduct cannot be considered favorable.

Finally, New York Penal Law § 195.05 provides that plaintiff is guilty of Obstruction of Governmental Administration where she "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act[.]"  N.Y. Penal Law § 195.05.  As such, this charge clearly parallels the offense of "obedience to police officers and flagpersons"—in failing to obey Officer Evelyn when he told her to turn, plaintiff prevented "a public servant from performing an official function" by means of "an independently unlawful act."  The parallel between these charges illustrates that plaintiff's acquittal cannot be considered favorable.

**B.      Plaintiff Cannot Show that her Prosecution on the Charges of Acquittal Caused A Constitutionally Cognizable Deprivation of Liberty**

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore show some [post-arraignment] deprivation of liberty consistent with the concept of 'seizure.'"  Singer v. Fulton County Sheriff, 63 F.3d 110, 116, 117 (2d Cir. 1995).  Even if plaintiff were able to establish that her acquittal of certain charges establishes a favorable termination on those charges, she would still be unable to show any deprivation of liberty flowing from the prosecution of those charges in particular.

First, at no time after arraignment was plaintiff ever incarcerated.  Additionally, she was not required to post bail, and her travel within and without the State of New York was not restricted.  Indeed, the only restriction that plaintiff faced was having to attend multiple court appearances and attend her criminal trial.  These appearances alone are insufficient as a matter of

law to establish a Fourth Amendment seizure.  See Parkash v. Town of Southeast, 10 CV 8098 (VB), 2011 U.S. Dist. LEXIS 128545, at *14-*16 (S.D.N.Y. Sept. 30, 2011) (fifteen court appearances insufficient to establish Fourth Amendment seizure), aff'd, Parkash v. Town of Southeast, 468 Fed. Appx. 80, 81 (2d Cir. 2012); Johnston v. Port Auth. of N.Y. & N.J., 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *19-*20 (E.D.N.Y. July 28, 2011) (four court appearances insufficient to demonstrate seizure); Dellutri v. Elmsford, 895 F. Supp. 2d 555, 570 (S.D.N.Y. 2012) (finding no Fourth Amendment seizure where plaintiff  made court appearances and underwent trial resulting in a conviction which was later reversed) (collecting cases).

Even if these court appearances alone amounted to a seizure, however, plaintiff cannot show that her seizure was caused specifically by her prosecution on the charges which ultimately terminated in her favor.  During the entire period of plaintiff's prosecution—from arraignment to verdict—plaintiff maintained her innocence of all charges, yet she was ultimately convicted of Obstructing Traffic at an Intersection and Obedience to Police Officers and Flagpersons.   This conviction establishes probable cause for the prosecution of these two offenses as a matter of law.  Cameron v. Fogarty, 806 F.2d 380, 388-389 (2d Cir. 1986) (holding probable cause established as a matter of law for offense of conviction).  Accordingly, at each court appearance and during the pendency of her trial, plaintiff's "seizure" was supported by probable cause.  Thus, to succeed on her malicious prosecution claim, plaintiff must show that her prosecution for the charges which ultimately terminated in her favor caused some deprivation of liberty in addition to the seizure caused by her prosecution for the charges of which she was convicted.  Plaintiff can make no such showing.

Illustrative of this principle is the matter of <u>Jones v. City of New York</u>, 12-CV-1739 (JBW), 2013 U.S. Dist. LEXIS 179265, at *9-*10 (E.D.N.Y. Dec. 20, 2013).  There, the plaintiff was indicted in 2007 for felony crimes based upon the allegations of a complaining victim, and was incarcerated.  In 2008, while plaintiff was still incarcerated on the 2007 felony, he was separately indicted in an unrelated matter, and his incarceration continued.  Following the 2008 indictment, the complaining victim from the 2007 case recanted her allegations, causing a dissipation of probable cause for the continuation of the 2007 prosecution.  Plaintiff later brought suit alleging that the prosecution of the 2007 indictment was continued without probable cause.  The Court rejected plaintiff's claim, stating: "Plaintiff makes much of the fact that the complaining victims later recanted. The recantation occurred after defendant was legally detained under the unrelated 2008 Indictment . . . . Continued detention and prosecution under these circumstances was fully justified."  <u>Id.</u>

Similarly, in <u>Holmes v. Grant</u>, 03 Civ 3426 (RJH) (RLE), 2006 U.S. Dist. LEXIS 15743, at *43-*44 (S.D.N.Y. Mar. 31, 2006), the Court rejected a claim for malicious prosecution brought by an inmate who was prosecuted for an assault that he had committed while he was *already incarcerated* on a prior criminal matter.  The Court reasoned that even if plaintiff were able to establish the elements of the state law tort of malicious prosecution, his § 1983 claim nonetheless would fail because his seizure was justified on other independent grounds.  <u>Id.</u>  "As plaintiff was already incarcerated at the time of the assault proceeding, he suffered no new seizure. An inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses and being forced to appear in court to defend himself."  <u>Id.</u>

As with the two above-cited cases, so too here, insofar as plaintiff's court appearances constitute a seizure, each appearance was indisputably justified by probable cause to prosecute at least on the offenses of which she was convicted (if not all the offenses), and plaintiff demonstrates no additional deprivation resulting specifically from her prosecution for the charges that resulted in acquittal. As such, plaintiff's malicious prosecution claim fails.

## C. Plaintiff Cannot Show that Officer Gargano or Sgt. Crawford Initiated Her Prosecution

"To initiate a prosecution, a defendant must do more than report the crime or give testimony. He must 'play[ ] an active role in the prosecution, such as [by] giving advice and encouragement or importuning the authorities to act.'" Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the [criminal] proceeding." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000). "In an action brought against a law enforcement officer, 'a malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by police.'" Breeden v. City of New York, 2014 U.S. Dist. LEXIS 4165, at *30-*31 (E.D.N.Y. Jan. 13, 2014) (quoting Hartman v. Moore, 547 U.S. 250, 263 (2006)).

Merely making an arrest is insufficient to show initiation or continuation of the prosecution. See Middleton v. City of New York, 04 CV 1304 (JFB) (LB), 2006 U.S. Dist. LEXIS 44320, at *22 (E.D.N.Y. June 19, 2006) (holding that merely effecting an arrest is insufficient to establish initiation of a prosecution). Here, Officer Gargano did nothing more than effect plaintiff's arrest based upon information that he learned from Officer Evelyn. Plaintiff presents no evidence that Sgt. Crawford was involved in her arrest or prosecution in any

fashion whatsoever.   Accordingly, to the extent plaintiff brings her claim for malicious prosecution against these defendants, it must be dismissed.

**D.      Plaintiff Cannot Show that The Prosecution on The Charges Resulting in Acquittal Were Unsupported by Probable Cause**

"'Probable cause exists when [one] ha[s] knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'" Kent v. Thomas, 464 Fed. Appx. 23, 25 (2d Cir. 2012) (quoting Williams v. Town of Greenburgh, 535 F.3d 71, 79 (2d Cir. 2008)).   Probable cause to arrest suffices to support a prosecution unless evidence surfaces during the course of the prosecution "which would eliminate that probable cause."  See Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996).   "To determine whether an officer had probable cause to arrest an individual, [courts] examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause."  Maryland v. Pringle, 540 U.S. 366, 371 (2003) (citations omitted).   In other words, the Court should consider the totality of the circumstances known to the officer in determining whether there was probable cause for the prosecution.  See Illinois v. Gates, 462 U.S. 213, 238 (1983) (reaffirming "the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations.").  Here, based upon the totality of circumstances, no reasonable jury could find that plaintiff's prosecution on the charges that resulted in acquittal lacked probable cause.

i.   **Plaintiff's Conviction for the Offenses of Obstructing Traffic in an Intersection and Obedience to Police Officers and Flagpersons Establish as a Matter of Law the Existence of Probable to Prosecute for the Offenses of Reckless Driving, Obstruction of Governmental Administration, Disorderly Conduct**

Plaintiff was convicted of Obstructing Traffic in an Intersection and Obedience to Police Officers and Flagpersons.  As set forth below, the jury's factual findings necessary to support these convictions establish, as a matter of law, that there was probable cause for Officer Evelyn to believe that plaintiff had engaged in Reckless Driving, Obstruction of Governmental Administration, and Disorderly Conduct. [2]

First, in convicting plaintiff of Obstruction of Traffic at an Intersection, a jury found beyond a reasonable doubt that plaintiff did just that—blocked traffic at an intersection. Necessarily, plaintiff's blocking of the intersection "unreasonably interfere[d] with the free and proper use of the public highway," thereby providing probable cause to prosecute for the crime of reckless driving.  N.Y. V.T.L. § 1212.

That same jury finding of blocking traffic in an intersection also provides probable cause for plaintiff's prosecution for Disorderly Conduct.  That finding, in addition to plaintiff's admission that, while she was obstructing the intersection other cars were sounding their horns, made reasonable Officer Evelyn's belief that plaintiff, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, obstruct[ed] vehicular or pedestrian traffic[.]"  N.Y. Penal Law § 240.20.  There was probable cause to prosecute for Disorderly Conduct.

The jury finding that plaintiff failed to obey Officer Evelyn's hand signals and verbal instructions that she turn out of the intersection that she was blocking also shows that there was probable cause for Officer Evelyn to believe that plaintiff "intentionally . . .

prevent[ed] . . . a public servant from performing an official function . . . by means of any independently unlawful act[.]"   N.Y. Penal Law § 195.05.   There was probable cause for plaintiff's prosecution for Obstruction of Governmental Administration.

Plaintiff may argue that while plaintiff's convictions establish certain conduct, they fail to establish plaintiff's *mens rea*, a necessary element of the offenses of Obstructing Governmental Administration and Disorderly Conduct.   However, for purposes of the probable cause analysis, it is well settled in the Second Circuit that an officer is "not required to make a full investigation into plaintiff's state of mind prior to taking action." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).   This is because, "unlike at trial, where circumstantial evidence must support a finding of culpable intent beyond a reasonable doubt, a probable cause determination . . . can be made on substantially less evidence." Zalaski v. City of Hartford, 723 F.3d 382, 393 (2d Cir. 2013).   Indeed, "'the practical restraints on police in the field are greater with respect to ascertaining intent [and, accordingly,] the latitude accorded to officers considering the probable cause issue in the context of *mens rea* crimes must be correspondingly great.'"   Id. (quoting Cox v. Hainey, 391 F.3d 25, 34 (1st Cir. 2004)).

As set forth above, plaintiff's convictions establish as a matter of law that there was probable cause to prosecute plaintiff for the offenses of Reckless Driving, Disorderly Conduct, and Obstruction of Governmental Administration.   As such, plaintiff's claim for malicious prosecution based upon these charges fails.

### ii.   No Reasonable Jury Could Find a Lack of Probable Cause For the Charges of Assault, Attempted Assault, and Reckless Endangerment

The charges of assault, attempted assault and reckless endangerment are all based upon plaintiff's striking Officer Evelyn with her car.   Plaintiff contends that she never struck

---

[2] The elements of these charges are set forth in Point 1 subsection "A", *supra*.

Officer Evelyn.  Nonetheless, based upon the totality of circumstances, defendants submit that no reasonable jury could find by a preponderance of the evidence that Officer Evelyn was not struck by plaintiff's vehicle.

Here, there is no dispute that, immediately before the moment that Officer Evelyn was struck, he was standing very close to plaintiff's car.  Plaintiff moved her car and, although she denies that the car struck Officer Evelyn, her passenger, Donald Malcolm—an entirely independent witness—admits that as soon as the car began to move Officer Evelyn yelled out "You hit me with the vehicle, you hit me with the vehicle."  Plaintiff admits that, a short time after she moved her vehicle, Officer Evelyn accused her of striking him with the vehicle and complained that his leg hurt.  Thereafter an ambulance came to the scene to treat Officer Evelyn, and he was removed to Beth Israel Hospital where he was diagnosed with a contusion to his right thigh.  After his hospital treatment, Officer Evelyn went to the police surgeon, who cleared him for Line of Duty status because of his injury.  Officer Evelyn remained out of work on Line of Duty status until April 1, 2011.

In the face of these facts, plaintiff would have the jury believe that Officer Evelyn was never struck by her car, was never injured, and, yet, somehow managed to persuade doctors at Beth Israel Hospital that he suffered from a contusion to his leg.  More than that, plaintiff would have the jury believe that Officer Evelyn—uninjured—nevertheless managed to persuade police department doctors to allow him to remain out of work for a number of *weeks* due to an entirely fabricated injury.  Based on the undisputed evidence in this case, however, no reasonable jury could believe plaintiff's version of events.  Apart from her self-serving allegations, plaintiff presents no evidence to refute the fact that, on February 11, 2011, she struck Officer Evelyn with her vehicle, causing injury.

- 14 -

Based on the fact that plaintiff struck Officer Evelyn with her car, there was probable cause for Officer Evelyn to believe that plaintiff had committed the crimes of assault, attempted assault and reckless driving.

> One is guilty of third degree assault when:
>
> 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or
> 2. He recklessly causes physical injury to another person; or
> 3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

N.Y. Penal Law § 120.00.

Here, plaintiff was charged with attempted assault based upon subdivision one, and was charged with two counts of assault based upon subsections two and three.  Having been struck by plaintiff's vehicle, causing a contusion to his right leg, it was reasonable for Officer Evelyn to believe that plaintiff had intentionally, recklessly, or negligently caused him injury by means of a dangerous instrument (i.e., a car).  Accordingly, there was probable cause for plaintiff's prosecution on these charges.

"A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."  N.Y. Penal Law § 120.20.  Plaintiff struck Officer Evelyn with her vehicle, exposing him to substantial risk of serious physical injury.  As such, plaintiff's prosecution for reckless endangerment is supported by probable cause.

**E.**	**Plaintiff's Malicious Prosecution Claim is Barred by the Supreme Court's Decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)**

A plaintiff may not use § 1983 as a vehicle to directly or indirectly challenge her criminal conviction.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994).  Where plaintiff was convicted in the criminal matter underlying the "§ 1983 suit, the district court must consider

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

The Second Circuit, sitting *en banc*, recently pronounced that "[i]n the context of § 1983 malicious prosecution cases, Heck's bar is coextensive with the favorable termination requirement." Poventud v. City of New York, 2014 U.S. App. LEXIS 864, at *24 (2d Cir. Jan. 14, 2014). "In these cases, as in state malicious prosecution cases, the tort cannot stand unless the underlying criminal cases 'finally end[] in failure.'" Id. at *25 (quoting DiBlasio, 102 F.3d at 657) (quoting Burt v. Smith, 181 N.Y. 1, 5, (1905)). Here, where plaintiff's prosecution did not end in "failure," but, quite the opposite, in conviction, any challenge to the prosecution is barred since the conviction has not been invalidated.

Moreover, if plaintiff were to succeed in the instant matter, thereby illustrating that her prosecution was undertaken and continued without probable cause, she was necessarily imply the invalidity of her conviction. As set forth in subsection D, *supra*, plaintiff's conviction for the offenses of Obstructing Traffic in an Intersection and Obedience to Police Officers and Flagpersons establishes as a matter of law that there was probable cause for plaintiff's prosecutions for Obstruction of Governmental Administration, Disorderly Conduct, and Reckless Driving. Conversely, if plaintiff were to succeed in this matter and illustrate that her prosecution on these charges of Obstruction of Governmental Administration, Disorderly Conduct, and Reckless Driving lacked probable cause, the necessary implication would be that there was a lack of probable cause for the offenses of which she was convicted as well. This would necessarily undermine plaintiff's conviction, and, as such, these claims are Heck-barred.

**F.      Officer Evelyn is Entitled to Qualified Immunity on Plaintiff's Malicious Prosecution Claim**

The doctrine of qualified immunity provides that officers are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The Supreme Court has stated that the immunity accorded officials by this doctrine protects 'all but the plainly incompetent or those who knowingly violate the law,' and added that 'if officers of reasonable competence could disagree on [the legality of an act], immunity should be recognized.'" Lowth, 82 F.3d at 569 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  In the context of malicious prosecution, qualified immunity is appropriate where there is "at least arguable probable cause to arrest or prosecute the plaintiff." Barcomb v. Sabo, 487 Fed. Appx. 645, 647 (2d Cir. 2012).  "Arguable probable cause exists where either '(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" Id. (quoting Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

As set forth above, based on the totality of circumstances known to Officer Evelyn, and recognizing that no reasonable jury could believe that Officer Evelyn was not struck by plaintiff's vehicle, it is plain that, at a minimum, reasonable officers could disagree as to whether there was probable cause for each of the charges that ultimately terminated in plaintiff's favor.  Accordingly, Officer Evelyn is entitled to absolute immunity.

### POINT II

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM FAILS

A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated so long as "(1) the officer had a realistic

opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)).  Of course, there can be no failure to intervene claim where there was no underlying constitutional violation. Feinberg v. City of New York, 99 CV 12127 (RCC), 2004 U.S. Dist. LEXIS 16098, at *12 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends.") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); accord Foy v. City of New York, 03 Civ. 7318 (HB), 2004 U.S. Dist. LEXIS 18274, *10-*11 (S.D.N.Y. Sep. 10, 2004).

As set forth in Point I above, plaintiff's prosecution did not deprive her of any rights and, accordingly, she cannot maintain a claim for failure to intervene in her prosecution. Moreover, neither Officer Gargano nor Sgt. Crawford was present when the incident upon which plaintiff's prosecution was based took place.  As such, even if plaintiff had established that she was prosecuted without probable cause, neither Officer Gargano or Sgt. Crawford would have had any reason to know that plaintiff's rights were being violated.

**POINT III**

**PLAINTIFF'S CLAIM FOR SUPERVISORY LIABILITY FAILS**

The Supreme Court has held that there can be no § 1983 liability premised merely on a defendant's role as a supervisor.  "In a § 1983 suit or a Bivens action--where masters do not answer for the torts of their servants--the term 'supervisory liability' is a misnomer." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Rather, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.  Despite this pronouncement,

it remains unclear what impact Iqbal's pronouncement has had on the varieties of supervisory liability set forth by the Second Circuit in Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), which states:

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Even assuming, however, that Colon has not been overruled by Iqbal, plaintiff still fails to state a claim for supervisory liability.  Here, plaintiff can provide no evidence that Sgt. Crawford was involved in any manner in his prosecution—indeed, plaintiff sets forth no evidence whatsoever concerning Sgt. Crawford.  Moreover, even if he could, still this claim would fail because plaintiff has not shown any underlying deprivation of rights.   See Faison v. Maccarone, No 11-CV-0137 (JFB) (ETB), 2012 U.S. Dist. LEXIS 27330, at *25 (E.D.N.Y. Mar. 1, 2012) ("As noted *supra*, plaintiff has not alleged a cognizable constitutional violation against defendants DA Rice and ADA Hershey. As a result, plaintiff's claim of supervisory liability must fail.").  Defendants are entitled to summary judgment on this claim.

## POINT IV

## PLAINTIFF'S   CLAIM   FOR   MUNICIPAL LIABILITY FAILS

There is no *respondeat superior* liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Rather, following Monell and its progeny, "'there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'"  Abreu v. City of New York, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (quoting

City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  Accordingly, in order to proceed with a claim against the City, a plaintiff must plausibly allege both that he suffered a constitutional violation and that said violation was caused by a policy or custom of the City.  Monell, 436 U.S. at 690.  Plaintiff fails to show that she suffered any underlying Constitutional deprivation and, even if she had, presents no evidence of a City pattern or practice which caused her purportedly malicious prosecution.  Accordingly, the City is entitled to summary judgment on plaintiff's municipal liability claim.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' request that their motion for summary judgment be granted in full and that all of plaintiff's claims be dismissed but for a single claim for false arrest against defendant Harvey.

Dated:          New York, New York
                January 31, 2014

                                JEFFREY D. FRIEDLANDER
                                Acting Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendants*
                                100 Church Street, Room 3-208
                                New York, New York 10007
                                (212) 356-2656

                                By:      ___/s/_____
                                         Patrick Beath
                                         Assistant Corporation Counsel

To:     Edward Friedman, Esq.
        26 Court Street - Suite 1903
        Brooklyn, New York 11242