UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NAKIA EVANS,

                              Plaintiff,                    12-CV-5341 (MKB)(VMS)

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
CARMERON EVELYN, Shield No. 3980, POLICE
OFFICER MICHAEL GARGANO, Shield No. 24508,
SGT. DANIEL CRAWFORD, Shield No. 3108, and JOHN
and JANE DOE 1 through 3, Individually and in their
official capacities (the Names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------ x


# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT


                                        ZACHARY W. CARTER
                          Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                   100 Church Street, Room 3-208
                                      New York, New York 10007
                                              (212) 356-2656


                                                 <u>Of Counsel:</u>

                                                 Patrick Beath

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 1

    POINT I ................................................................................................................... 1

        PLAINTIFF FAILS TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT......................................................................................1

    POINT II .................................................................................................................. 3

        PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS ......................................................................................................................3

        A.    Plaintiff Did Not Suffer A Constitutionally Cognizable Deprivation of Liberty .......................................................................3

        B.    Plaintiff Cannot Show That the Charges Terminated in Her Favor ...............................................................................................5

        C.    There Was Probable Cause for Plaintiff's Prosecution........................8

    POINT III................................................................................................................ 10

        THE FAILURE TO INTERVENE CLAIM FAILS ..................................10

CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

Albright v. Oliver,
    510 U.S. 266 (1994) .................................................................................................3, 5

Baker v. McCollan,
    443 U.S. 137 (1979) ....................................................................................................11

Burt v. Smith,
    181 N.Y. 1 (1905) .........................................................................................................6

Cameron v. Fogarty,
    806 F.2d 380 (2d Cir. 1986) .........................................................................................4

Cox v. Hainey,
    391 F.3d 25 (1st Cir. 2004) ..........................................................................................9

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001) .........................................................................................11

DiBlasio v. City of N.Y.,
    102 F.3d 654 (2d Cir. 1996)......................................................................................6, 7

Hester v. BIC Corp.,
    225 F.3d 178 (2d Cir. 2000) .........................................................................................2

Holmes v. Grant,
    03 Civ. 3426 (RJH) (RLE),
    2006 U.S. Dist. LEXIS 15743 (S.D.N.Y. Mar. 31, 2006) ...........................................4

Janetka v. Dabe,
    892 F.2d 187 (2d Cir. 1989) ......................................................................................5, 6

Jones v. City of New York,
    12-CV-1739 (JBW),
    2013 U.S. Dist. LEXIS 179265 (E.D.N.Y. Dec. 20, 2013) .........................................4

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006) .......................................................................................11

Poventud v. City of New York,
    2014 U.S. App. LEXIS 864 (2d Cir. Jan. 14, 2014) ....................................................6

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997) ....................................................................................9, 11

**Cases**                                                                                                              **Pages**

Rohman v. New York City Transit Authority,
   215 F.3d 208 (2d Cir. 2000)..................................................................................................3

Scott v. Harris,
   550 U.S. 372 (2007) ............................................................................................................9

Singer v. Fulton County Sheriff,
   63 F.3d 110 (2d Cir. 1995) ..................................................................................................5

Zalaski v. City of Hartford,
   723 F.3d 382 (2d Cir. 2013) ................................................................................................9

**PRELIMINARY STATEMENT**

Plaintiff Nakia Evans formally abandons her claims against the City of New York and Daniel Crawford, as well as her claim for malicious prosecution against Officer Michael Gargano, leaving only claims for malicious prosecution against Officer Cameron Evelyn, and for failure to intervene against Officer Gargano.[1] For the reasons set forth in defendants' memorandum of law dated January 31, 2014, and those set forth below, defendants are entitled to summary judgment on the remaining claims.

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT**

Plaintiff purports to dispute only paragraphs 7-9, 12, 13, and 29 of defendants' Local Rule 56.1 Statement. However, each of these disputes is either unsupported by the record, or immaterial. Similarly, the additional facts that plaintiff sets forth in paragraphs 30 to 39 of her 56.1 Opp. are either incorrect or immaterial.

First, in paragraphs seven through nine, plaintiff purports to dispute defendants' assertion that, on the date of incident, plaintiff failed to turn her vehicle out of the intersection of Nostrand Avenue and Glenwood Road, in response to Officer Evelyn's physical and verbal instructions. Yet plaintiff admits to exactly this in her deposition. See Exhibit A at 49:16-50:7 (admitting that Officer Evelyn gestured that plaintiff had to turn right or left, but plaintiff did not do so), and at 52:15-21 (admitting that Officer Evelyn approached plaintiff's car and verbally instructed her to turn right or left out of the intersection, and she did not do so). Plaintiff's

---

[1] Although the preliminary statement to plaintiff's opposition brief makes reference to state law claims, plaintiff has not brought any state law claims against any defendant in this action.

conviction for the offense of Obedience to Police Officers and Flagpersons also establishes this conduct as a matter of law.

Second, plaintiff disputes that she ever struck Officer Evelyn with her vehicle, but this dispute is hardly genuine. See Opp. 56.1, ¶ 12. In support, plaintiff relies on the testimony of passenger Donald Malcolm—seated in the back passenger seat of the car at the time that Officer Evelyn was struck—who opines that "it would have been impossible for the car to have struck" Officer Evelyn. As a lay witness who was buckled into the rear seat furthest from where Officer Evelyn stood next to the vehicle and, therefore, not in a position to adequately see the path of the car and Officer Evelyn's proximity to it, this is an improper and inadmissible opinion and constitutes nothing more than speculation. See Fed. R. Evid. 701(a) (lay opinion admissible only where it is rationally based on the witness's perception). That this unsupported lay opinion is offered on what is an ultimate issue of the case makes it all the more tenuous. See Hester v. BIC Corp., 225 F.3d 178, 182 (2d Cir. 2000) ("'[T]he costs of lay opinion increases and the benefits diminish the closer the opinion approaches the crucial issues in the case.'") (quoting 29 Wright and Miller, Federal Practice and Procedure § 6255 at 2). Because Mr. Malcolm's opinion would not be admissible evidence at trial, plaintiff may not rely upon it in opposing defendants' motion for summary judgment. See Fed. R. Civ. P. 56(c)(2).

Third, plaintiff's purported dispute in ¶ 13 is illusory, as she admits that, while at the scene of arrest, before an ambulance had arrived, she heard Officer Evelyn complain that plaintiff had struck him with her vehicle. See Exhibit A, 67:22-68:12.

Finally, because plaintiff has abandoned all claims against Sgt. Crawford, her assertion, in 56.1 Opp. ¶ 29, that Sgt. Crawford supervised plaintiff's arrest is immaterial.

## POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS

As set forth in defendants' moving papers, plaintiff's claim for malicious prosecution against Officer Evelyn fails because plaintiff cannot show that her prosecution (1) caused a seizure within the meaning of the Fourth Amendment; (2) terminated in her favor; (3) or was commenced or continued with malice and without probable cause.

**A.  Plaintiff Did Not Suffer A Constitutionally Cognizable Deprivation of Liberty**

Plaintiff alleges that, by commencing and continuing her prosecution on the charges of which she was ultimately acquitted, she was deprived of her liberty in violation of the Fourth Amendment.[2]  Relying upon Rohman v. New York City Transit Authority, 215 F.3d 208 (2d Cir. 2000), plaintiff argues that her 18 court appearances constitute a Fourth Amendment deprivation of liberty.  Rohman, however, is inapt, because it held that five post-arraignment appearances was sufficient "at least at the pleading stage," to implicate the Fourth Amendment. Rohman, 215 F.3d at 216.  Here, at the summary judgment stage, Rohman's forgiving standard is inappropriate.

More importantly, even if plaintiff's 18 court appearances were to amount to a Fourth Amendment seizure, plaintiff does not—and cannot—prove that it was specifically the

---

[2] Plaintiff also seems to suggest that she can satisfy the deprivation of liberty prong by showing that her prosecution caused her economic loss.  This suggestion is without legal or factual merit.  The sole legal precedent relied upon by plaintiff for this proposition is Justice Ginsberg's concurrence in Albright v. Oliver, 510 U.S. 266, 278-279 (1994), which was joined by no other justice and, as such, is not binding on this—or any—court.  Further, it is factually insincere for plaintiff to claim that she lost her job and was prevented from finding employment thereafter due to her *prosecution* on the crimes of acquittal.  Indeed, plaintiff testified at her deposition that she lost her job because of her arrest, which is not at issue in this suit.  See Plaintiff's Exhibit 1, 100:18-103:4.  Plaintiff also admitted that, during the pendency of her prosecution, she chose not to look for other employment in order to avoid having to inform a potential employer of the pending criminal case.  Id. at 106:23-107:9.  She cannot use her decision not to seek employment to now speculate that, even if she had, the pending criminal matter would have prevented her from obtaining employment.

charges of which she was acquitted, rather than those of which she was ultimately convicted, that caused her to make these 18 appearances and undergo trial. Plaintiff pled not guilty to all charges, and at no point prior to her conviction did she ever attempt to enter a plea of guilty to any of the charges against her, although under New York's Criminal Procedure Law she could have done so. See N.Y. C.P.L. §§ 220.10 and 340.20 (providing that the criminal defendant may enter a plea of guilty to "any combination of offenses charged and lesser offenses included within other offenses charged.").[3] Plaintiff's conviction of the offenses of Obstruction of Traffic and Obedience to Police Officers establishes that, at each court appearance and during trial, there was probable cause to prosecute for at least these offenses. See Cameron v. Fogarty, 806 F.2d 380, 388-389 (2d Cir. 1986) (holding probable cause established as a matter of law for offense of conviction). As such, each and every time plaintiff appeared in court for her criminal case, her appearance was supported by probable cause and in no way offended the protections of the Fourth Amendment. None of these appearances—alone or in the aggregate—caused plaintiff a constitutionally cognizable deprivation of liberty. See Jones v. City of New York, 12-CV-1739 (JBW), 2013 U.S. Dist. LEXIS 179265, at *9-*10 (E.D.N.Y. Dec. 20, 2013) (no constitutionally cognizable deprivation of liberty where, despite plaintiff's continuing incarceration following the dissipation of probable cause to continue the prosecution of an indictment from 2007, plaintiff remained lawfully incarcerated on an independent 2008 indictment in another matter making his continued detention and prosecution "fully justified."); Holmes v. Grant, 03 Civ. 3426 (RJH) (RLE), 2006 U.S. Dist. LEXIS 15743, at *43-*44 (S.D.N.Y. Mar. 31, 2006) (no constitutionally

---

[3] Plaintiff's claim in paragraph 36 of her 56.1 Opp. that she was "never offered a plea to anything but a misdemeanor" is immaterial as, irrespective of the plea *deals*—offers by the prosecutor to plead guilty to one or more charges in satisfaction of all—that she was offered during the course of the criminal proceeding, she could have independently entered a guilty plea to particular charges at any time during the proceeding.

- 4 -

cognizable deprivation of liberty where plaintiff was already incarcerated on independent basis at time prosecution was commenced and, so, suffered no new seizure as a result of the allegedly malicious prosecution).

Further, plaintiff could have been sentenced to fifteen days in jail for each of the offenses of which she was convicted, for a total of thirty days incarceration. See N.Y. Vehicle and Traffic Law ("VTL") § 1800(b). As such, even if she had spent time actually incarcerated during the criminal proceeding, still she would be unable to show a deprivation under the Fourth Amendment unless her time in custody exceeded thirty days. Her 18 court appearances are a far cry from a month on Rikers Island.

Plaintiff sets forth no facts suggesting that her prosecution on the charges of acquittal caused her any deprivation of liberty apart from or in addition to these fully justified 18 court appearances and trial. Instead, she cites, perplexingly, to Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989), which was concerned only with the question of what constitutes a favorable termination, and, therefore, is not germane to this issue. Indeed, Janetka was decided in 1989, five years *before* the Supreme Court, in Albright v. Oliver, 510 U.S. 266 (1994), and six years before the Second Circuit, in Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995), held that a plaintiff must show a constitutionally cognizable seizure under the Fourth Amendment to make out a federal claim for malicious prosecution. Because plaintiff does not show any Fourth Amendment deprivation, her malicious prosecution claim fails.

B.  **Plaintiff Cannot Show That the Charges Terminated in Her Favor**

Even if plaintiff were able to show that her prosecution for the charges of which she was ultimately acquitted caused a seizure under the Fourth Amendment separate and apart from her justified attendance at 18 court appearances, still she cannot show that her acquittal of

these charges qualifies as a favorable termination.[4] The Second Circuit has pronounced that "'[a] malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and *which finally ends in failure*.'" DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996)) (quoting Burt v. Smith, 181 N.Y. 1, 5 (1905)). See also Poventud v. City of New York, 2014 U.S. App. LEXIS 864, at *25 (2d Cir. Jan. 14, 2014) (*en banc*) (observing that the tort of malicious prosecution "cannot stand unless the underlying criminal cases 'finally end[] in failure.'")(quoting DiBlasio). Here, plaintiff's criminal action ended in conviction—not "failure"—and, as such, her malicious prosecution claim cannot stand.

Nevertheless, plaintiff vainly attempts to fit this case into the mold of Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989), where, despite the plaintiff's criminal case ending in conviction, the Second Circuit allowed the plaintiff's malicious prosecution claim to proceed. In Janetka, the plaintiff was convicted of disorderly conduct based upon his yelling and cursing at an unidentified man, but was acquitted of resisting arrest, and subsequently brought a malicious prosecution claim to redress the resisting arrest prosecution. The district court dismissed the claim, finding that Janetka's conviction was not a favorable termination since the disorderly conduct and resisting arrest charges "arouse out of events that occurred on the same occasion." The Second Circuit reversed and reinstated the malicious prosecution action, finding that the facts underlying the disorderly conduct and resisting arrest charges were sufficiently distinct to allow the acquittal of one charge to act as a self-standing favorable termination: "Janetka was charged with two distinct offenses involving distinct allegations. The disorderly conduct charge involved Janetka's actions directed at the unidentified hispanic man; the resisting arrest charge

---

[4] Plaintiff did not oppose defendants' argument that, in dismissing the charge of Assault in the Second Degree, the district attorney acted out of mercy to the accused, which is not a favorable termination. Plaintiff thus concedes that she does not have a malicious prosecution claim on this basis.

- 6 -

involved his actions directed at the officers' attempts to arrest him." Id. Thus, crucial to the Second Circuit's decision was that the charges arose from distinct conduct directed at distinct individuals.

Where, however, the charges arise from the same transaction directed at the same individual—as they do here—a malicious prosecution action will not lie even if the plaintiff is ultimately convicted of only the lesser charge. See DiBlasio, 102 F.3d at 659 (affirming dismissal of malicious prosecution claim where plaintiff was convicted of a lesser charge of possession of narcotics, and acquitted of the greater charge of sale of narcotics where both charges arose from a singular transaction). Plaintiff attempts to split the charges against her into two separate and distinct categories—those, on the one hand, regarding her obstruction of traffic and failure to follow Officer Evelyn's order to turn out of the intersection, and those, on the other, concerning her moving her car and striking Officer Evelyn. She engages in this arbitrary cleaving of the incident in a misguided attempt to fit this action into the Janetka mold and preserve her malicious prosecution claim. But the facts here are not so easily split. Plaintiff unlawfully entered and blocked the intersection of Nostrand Avenue and Glenwood Road, thereby obstructing vehicular traffic, and committing the offense of Obstructing Traffic at an Intersection.[5] Officer Evelyn then physically and verbally instructed plaintiff to turn out of the intersection, but she refused, thereby committing the offenses of Obedience to Police Officers and Flagpersons,[6] Obstruction of Governmental Administration in the Second Degree,[7]

---

[5] Obstruction of Traffic at an Intersection is defined by § 1175 of the VTL: "When vehicular traffic is stopped on the opposite side of an intersection, no person shall drive a vehicle into such intersection, except when making a turn unless there is adequate space on the opposite side of the intersection to accommodate the vehicle he is driving notwithstanding the indication of a traffic control signal which would permit him to proceed."

[6] VTL § 1102 reads: "No person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic."

Disorderly Conduct,[8] and Reckless Driving.[9]  When plaintiff did finally move her vehicle, she struck Officer Evelyn, committing the crimes of Assault in the Third Degree,[10] and Reckless Endangerment in the Second Degree.[11]  This was a singular, escalating incident in which plaintiff's misconduct began with blocking traffic, grew to her disobedience toward Officer Evelyn, and culminated with her striking Officer Evelyn with her vehicle.  Because all of the crimes which plaintiff was charged with arose from this single transaction, and all were directed against Officer Evelyn, Janetka is not applicable and plaintiff's acquittal of certain of the charges cannot be considered a favorable termination.

C.     There Was Probable Cause for Plaintiff's Prosecution

Plaintiff's convictions for the offenses of Obstructing Traffic at an Intersection and Obedience to Police Officers and Flagpersons establish as a matter of law that there was probable cause supporting her prosecution on the charges of Obstruction of Governmental

---

[7] N.Y. Penal Law § 195.05 provides that plaintiff is guilty of Obstruction of Governmental Administration where she "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act[.]"

[8] N.Y. Penal Law § 240.20 provides that a person is guilty of Disorderly Conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [she] obstructs vehicular or pedestrian traffic[.]"

[9] VTL § 1212 defines reckless driving as "driving or using" a motor vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway."

[10] N.Y. Penal Law § 120.00 provides that a person is guilty of Assault in the Third Degree when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person[.]"

[11] N.Y. Penal Law § 120.20 provides that "[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

Administration in the Second Degree, Disorderly Conduct, and Reckless Driving.[12]  Plaintiff seems to argue, however, that her denial of ever striking Officer Evelyn with her vehicle gives rise to a genuine dispute of fact as to whether there was probable cause to prosecute plaintiff for the crimes of Assault in the Third Degree and Reckless Endangerment.

Contrary to plaintiff's argument, no reasonable jury could find that Officer Evelyn was not struck by plaintiff's vehicle.  See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  Plaintiff's self-serving allegations are "blatantly contradicted by the record."  Specifically, it is undisputed that (1) immediately after plaintiff moved her car passenger Donald Malcolm heard Officer Evelyn yell out that he had been hit; (2) emergency medical technicians ("EMTs") were immediately called to the scene; (3) Officer Evelyn complained to EMTs that plaintiff struck him in the leg with her car; (4) at the hospital, Officer Evelyn's leg was observed to be red and swollen; (5) Officer Evelyn was diagnosed with a contusion to his right thigh; (6) Officer Evelyn was, thereafter, out of work on Line of Duty status with the approval of the police surgeon for weeks.

In an attempt to suggest that she has indeed raised sufficient evidence to create a genuine dispute, plaintiff cherry-picks a single page from Officer Evelyn's medical records

---

[12] Plaintiff's argument that Officer Evelyn did not have probable cause to initiate the prosecution for certain of these offenses because he had insufficient evidence to establish plaintiff's *mens rea* is without merit.  The Second Circuit has long held that an officer is "not required to make a full investigation into plaintiff's state of mind prior to taking action." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).  This is because, "unlike at trial, where circumstantial evidence must support a finding of culpable intent beyond a reasonable doubt, a probable cause determination . . . can be made on substantially less evidence." Zalaski v. City of Hartford, 723 F.3d 382, 393 (2d Cir. 2013).  Indeed, "'the practical restraints on police in the field are greater with respect to ascertaining intent [and, accordingly,] the latitude accorded to officers considering the probable cause issue in the context of mens rea crimes must be correspondingly great.'" Id. (quoting Cox v. Hainey, 391 F.3d 25, 34 (1st Cir. 2004)).

which reports that, when Officer Evelyn was treated at the scene of arrest immediately after the incident, EMTs observed no bruising, swelling or bleeding to his leg. When viewed in conjunction with the entirety of Officer Evelyn's records of treatment from that day, however, it is clear that, though his leg may not have begun to swell while still on the scene, once he was at Beth Israel hospital, both swelling and redness of his leg were observed, he was diagnosed with a contusion to his leg, his leg was wrapped in ace bandage, he was prescribed Vicodin, a strong pain-killer, and was sent home on crutches. See Officer Evelyn's records of medical treatment, appended to the Beath Declaration in Further Support as Exhibit R. These records—along with the testimony of Dr. Sekhon, Officer Evelyn's treating physician—establish that Officer Evelyn was indeed struck by plaintiff's vehicle, and no reasonable jury could conclude otherwise. As such, there was probable cause for plaintiff's prosecution for the crimes of Assault in the Third Degree and Reckless Endangerment. Further, in light of the fact that there was probable cause for plaintiff's prosecution, plaintiff cannot establish—and indeed presents no facts to even suggest—that Officer Evelyn instituted or continued her prosecution with malice.

## POINT III

### THE FAILURE TO INTERVENE CLAIM FAILS

Plaintiff argues that, although Officer Gargano was not present for the interaction between plaintiff and Officer Evelyn, and had no role in initiating plaintiff's prosecution, he nonetheless may be liable for failing to intervene in plaintiff's purportedly malicious prosecution based upon his failure to interview passenger Donald Malcolm at the scene of the incident. This argument incorrectly assumes that (1) Officer Gargano had some obligation to investigate Officer Evelyn's criminal allegations against plaintiff and make an independent assessment as to

whether there was probable cause to prosecute for each offense; (2) Officer Gargano was aware of the allegations that Officer Evelyn communicated to the District Attorney's Office and the resulting crimes that the District Attorney chose to prosecute against plaintiff.

As to the first of these assumptions, the law is well established that once an officer has probable cause to arrest, he need not make any further investigation into the criminal defendant's protestations of innocence. See, e.g., Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.") (citing Baker v. McCollan, 443 U.S. 137, 145-46 (1979)). Further, once probable cause is established, an officer is "neither required *nor allowed* to sit as prosecutor, judge or jury." Panetta v. Crowley, 460 F.3d 388, 396 (2d Cir. 2006) (emphasis added). Hence, once Officer Gargano was informed by Officer Evelyn that plaintiff had obstructed traffic, failed to obey orders to clear the intersection, and struck him with her vehicle, Officer Gargano had probable cause to arrest and, as such, was not required to conduct any further investigation. See, e.g., Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (holding that complaint of crime from victim provides probable cause for arrest). Moreover, even if Officer Gargano had conducted additional investigation, he was not allowed to act as prosecutor, judge or jury, weighing the credibility of witnesses and deciding what crimes should or should not be prosecuted. Thus, plaintiff's assumption that Officer Gargano should have investigated Officer Evelyn's claims is without any basis in law.

As to the second of plaintiff's assumptions, she sets forth no evidence whatsoever that Officer Gargano was even aware of what Officer Evelyn reported to the District Attorney, and what offenses the District Attorney prosecuted. Even if he had been, Officer Gargano had

no reason to believe that any of Officer Evelyn's allegations were false (the record in this matter illustrates that they were all true) and, accordingly, no reason to think that plaintiff's prosecution was constitutionally unsound.

Plaintiff's failure to intervene claim against Officer Gargano is without merit.

## CONCLUSION

For the foregoing reasons, defendants request that their motion for summary judgment be granted in full.

Dated: New York, New York
March 20, 2014

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-208
        New York, New York 10007
        (212) 356-2656

By:    /s/_____
      Patrick Beath
      Assistant Corporation Counsel

To: Edward Friedman, Esq. (By ECF, Email, and First Class Mail)
    26 Court Street - Suite 1903
    Brooklyn, New York 11242
    edfriedmanlaw@aol.com