UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NAKIA EVANS,

Plaintiff,

-against-                               01 CIV 0907
                                        (MKB)(VMS)



                -against-

THE CITY OF NEW YORK, POLICE OFFICER
CAMERON EVELYN, Shield No. 3980, POLICE
OFFICER MICHAEL GARGANO, Shield No. 24508,
 SGT. DANIEL CRAWFORD, Shield No. 3108,
and  JOHN and JANE DOE 1 through 3, Individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

Defendants.

------------------------------------------------------------------------x


**<u>MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THIS ACTION</u>**

EDWARD FRIEDMAN, ESQ.
(EF 4000)
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 952-8849

TABLE OF CONTENTS

Page

Table of Authorities.................................................................................   i

PRELIMINARY STATEMENT.............................................................   1

STATEMENT OF FACTS.....................................................................   1

ARGUMENT  .......................................................................................   4
.
POINT I -   SUMMARY JUDGMENT SHOULD BE DENIED
            BECAUSE THE PLAINTIFF HAS A VALID
            MALICIOUS PROSECUTION CLAIM..........................   4

            A.   The Defendants Do Not Satisfy the
                 Summary Judgment Standard..................................   4

            B.   The Plaintiff Received a Favorable
                 Disposition of the Serious Charges Despite
                 Being Convicted on Minor Traffic...........................   6

            C.   The Plaintiff Suffered a Constitutional Injury
                 As a Result of the Prosecution Initiated by
                 Defendant Evelyn......................................................   11

            D.   The Defendant Did Not Have Probable Cause
                 On the Charges That Resulted in an Acquittal..........   17

            E.   The Plaintiff has Satisfied the Actual Malice
                 Element of Prosecution...............................................   18

POINT II -  DEFENDANT EVELYN IS NOT ENTITLED TO
            QUALIFIED IMMUNITY AS A MATTER OF LAW
            BECAUSE THERE IS A GENUINE ISSUE OF
            FACT WHETHER IT WAS OBJECTIVELY
            REASONABLE FOR THEM TO BELIEVE THAT
            THE PROSECUTION WAS LAWFUL...............................   19

POINT III -   PLAINTIFF'S CLAIM FOR DEFENDANT
              GARGANO'S FAILURE TO INTERVENE
              SHOULD SURVIVE........................................................      20

POINT IV -   THE PLAINTIFF OFFERS NO OPPOSITION TO
             DEFENDANTS' MOTION TO DISMISS
             PLAINTIFF'S CLAIM FOR MALICIOUS
             PROSECUTION AND THE MONELL CLAIM
             AGAINST DEFENDANT CITY OF NEW YORK.........      21

CONCLUSION........................................................................      21

TABLE OF AUTHORITIES

<u>Cases Cited</u>                                                              <u>Page</u>

*Albright v. Oliver*, 510 U.S. 266 (1994)..................................................   11, 12

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 248 (1986)...........................   4

*Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir. 1982), *cert denied*
459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983).........................   20

*Burg v. Gosselin*, 519 F.3d 95, 98 (2d Cir. 2010)...................................   13

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1973)........................................   20

*Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986)..............................   20

*Cerrone v. Brown,* 246 F.3d 194, 203 (2d Cir. 2001).............................   19

*Cornett v. Brown,* 04 CV 0754 (DGT)(LB), 2006 WIL 845568,
*14-*15 (E.D.N.Y. Mar. 30)...................................................................   14

Davis v. City of New York, 373 F. Supp.2d 332, 334
(S.D.N.Y. 2005)........................................................................................   7

*Dellutri v. Elmsford*, 895 F. Sup.2d 555, 570 (S.D.N.Y. 2012)..............   16

*DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996)
Jacobs, J., concurring)..............................................................................   6

*First National Bank of Arizona v. City Service Company,*
*391 U.S. 253, 288-89 (1968)*........................................................................   4

*Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)................................   5

*Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982........................................   20

*Genia v. New York State Troopers*, 03-CV-0870, 2007 WL 869594
at *616 (E.D.N.Y. Mar. 20, 2007)..............................................................   15

*Golino v. City of New Haven*, 950 F.2d 864,870 (2d Cir. 1991)..............   17

*Heck v. Humphrey*, 512 U.S. 477.............................................................   11

*Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989)................................   6,11,17

*Johnson v. Port Auth. Of N.Y. & N.J.,* 09 CV 4432 (JG)(CLP, 2011
U.S. Dist. LEXIS 82815, at *19-*20 (S.D.N.Y. Sept. 30, 2011)..............   16

*Kirk v. Metropolitan Transp. Auth.*, 99 CV 3787, 2001

U.S. Dist. LEXIS 22786 (S.D.N.Y. March 19, 2001.................................   14

*Lowth v. Town of Cheektowage*, 82 F.3d 563, 573 (2d Cir. 1996)............   18

*Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d
612, 364 N.E.2d 1304, 1307 (1977)...........................................   18

*Morgan v. Nassau County*, 2009 WL 2882823 (E.D.N.Y.
September 2, 2009)...........................................................   14

*Murphy v. Lynn*, 118 F.3d 938, 944-946 (2d Cir. 1997)..........................   5,13,15

*Oliveira v. Mayer*, 23 F.3d at 649 (2d Cir. 1989).....................................   20

*O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)..............................   20,21

*Parkash v. Town of Southeast*, 10 CV 8098 (VB), 2011 U.S. Dist.
LEXIS 128545 at *14-*16 (S.D.N.Y. Sept. 30, 2011)............................   15

*People v. Alston*, 9 Misc.3d 1046, 1048, 805 N.Y.S.2d 258,
260 (Criminal Court, New York County, 2005)......................................   9

*People v. Bryan*, 190 Misc.2d 818, 741 N.Y.S.2d 669
City Court, City of Poughkeepsie, 2002)...................................   10

*People v. Ferreira*, 10 Misc.3d 441, 443, 807 N.Y.S.2d 832
Criminal Court, N.Y. County, 2005)........................................   10

*People v. Garo*, 208 Misc. 196, 144 N.Y.S.2d 107 (1955).....................   10

*People v. Offen*, 96 Misc.2d 147, 151 (Criminal Court,
N.Y. County, 1978)..............................................................   9

*v. Via (Bia)*, 821 F.2d 913, 921 (2d Cir. 1987).........................   19

*O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)..............................   20,21

*Parkash v. Town of Southeast*, 10 CV 8098 (VB), 2011 U.S. Dist.
LEXIS 128545 at *14-*16 (S.D.N.Y. Sept. 30, 2011)............................   16

*People v. Alston*, 9 Misc.3d 1046, 1048, 805 N.Y.S.2d 258,
260 (Criminal Court, New York County, 2005)......................................   9

*People v. Bryan*, 190 Misc.2d 818, 741 N.Y.S.2d 669
City Court, City of Poughkeepsie, 2002)...................................   10

*People v. Ferreira*, 10 Misc.3d 441, 443, 807 N.Y.S.2d 832
Criminal Court, N.Y. County, 2005)........................................   10

*People v. Garo*, 208 Misc. 196, 144 N.Y.S.2d 107 (1955).....................   10

*People v. Offen*, 96 Misc.2d 147, 151 (Criminal Court,

N.Y. County, 1978)................................................................ 9

*People v. Spencer*, 129 N.Y.S.2d 474 (1954)........................... 10

*Pichardo v. New York City Police Dept.,* 98 CIV 429 (DLC),
1998 WL 812049, *4 (S.D.N.Y. Nov. 18, 1998)....................... 6

*Posr v. Coherty*, 944 F.2d 91, 100........................................... 7

*Posr v. Court Officer Shield #207*, 180 F.3d 409, 417 (2d Cir. 1999)....... 5

*Raysor v. Port Authority of New York and New Jersey*
768 F.2d 34 (2d Cir. 1985).......................................................... 18

*Richardson v. New York State Dep't of Correctional Serv.*
180 F.3d 426, 436 (2d Cir. 1999)............................................... 4

*Robinson v. Via (Bia)*, 821 F.2d 913, 921 (2d Cir. 1987).......... 20

*Rohman v. Bianco*, 215 F.3d 208 (2d Cir. 2000)
Crim. Proc. Law §510.40.............................................. 13,14,15,16

*Rounseville v. Zahl,* 13 F.3d 625, 629-30 (2d Cir. 1994)........... 19

*Sassower v. City of White Plains,* 992 F. Supp. 652, 656
(S.D.N.Y. 1998)............................................................................. 15

*Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997).... 4

*Singer v. Fulton County Sheriff,* 63 F.3d 110 (1995)................ 12

*Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir. 1983)................... 20

<u>Statutes Cited</u>

42 U.S.C. §1983                                                                 1,5

N.Y. Criminal Procedure Law §510.4                                    14,15

N.Y. Penal Law §120.00(2)                                                   fn1

N.Y. Penal Law §120.20                                                        fn1

N.Y. Penal Law §195.05                                                        fn1

N.Y. Penal Law §240.20(5)                                                   fn1

N.Y. Vehicle and Traffic Law. §1175                                    fn1

N.Y.Vehicle and Traffic Law §1102                                      fn1

N.Y. Vehicle and Traffic Law §1212                                     fn1

## PRELIMINARY STATEMENT

Plaintiff, Nakia Evans ( "Evans" or "Plaintiff") has brought this action against The City of New York,  Police Officer Cameron Evelyn ("Evelyn"), Police Officer Michael Gargano (Gargano) and Police Officer Daniel Crawford   ("Crawford ") alleging the malicious prosecution, false arrest, failure to supervise and failure to intervene under 42 U.S.C. 1983 ("1983 Claim") and New York State law.   The plaintiff agreed to a dismissal of the false arrest claims, concedes her Monell claim against the City of New York and all claims against Crawford. Plaintiff  has a meritorious claim for malicious prosecution concerning the charges she was acquitted of at trial. These charges were not predicated on probable cause or arguable probable cause, the defendant initiated the charges that resulted in a favorable disposition for plaintiff  and plaintiff suffered constitutional injury as a result of the prosecution. Plaintiff also has a meritorious claim against Gargano for failure to intervene and prevent the malicious prosecution against plaintiff.

## STATEMENT OF FACTS

The plaintiff is a 36-year-old mother of two who was employed as a driver of an Access-a- Ride vehicle on February 11, 2011, the date of the incident that led to her prosecution. *Exhibit 1*, 11: 11-12, 12:1-3, 19:19-25.

On the day of the incident, plaintiff had a passenger, Donald Malcolm in her vehicle and drove to the intersection of Nostrand and Glenwood Road in Brooklyn. *Exhibit*

1

*1*, 42:1-5, 44:14-19.  Plaintiff entered the intersection when she was forced to stop inside the intersection due to some vehicles stopped in front of her and to her left side. *Exhibit 1*, 48:4-15. While plaintiff was stuck in the intersection, defendant Cameron Evelyn was standing on the  southwest corner sidewalk. *Exhibit 1* 49:2-14. Evelyn instructed her to turn to the right or left and plaintiff responded by telling Evelyn that she was unable to follow his directions because she was blocked by other vehicles.  *Exhibit 1*, 52:15-53:4. After plaintiff told Evelyn she was unable to follow his direction he asked her for her license and registration while her vehicle was still in the intersection and asked her to move her vehicle after she produced her license and registration.   *Id* at 52:22-54:2.

Plaintiff eventually was told to pull over by Evelyn and she complied. Evelyn was never struck by plaintiff's vehicle on any part of his body with any part of the vehicle. Based on where Evelyn was standing it would have been impossible for him to be struck by the side-view mirror or the left side of  plaintiff's vehicle.  *Exhibit 2*, 40:20-42:12, *Exhibit 3*:28:17-18. Plaintiff was only informed of Evelyn's claim that he was struck by her vehicle after another officer arrived at the scene. Evelyn was not limping or holding on to any object for support immediately after claiming to have been struck by plaintiff's vehicle. *Exhibit 1*, 66:7-12, 66:15-16, *Exhibit 2*, 44:8-15. Officer Gargano never inquired of Donald Malcolm whether he witnessed Evelyn being struck by the vehicle. Exhibit 2, 46:13-51:3.

After speaking with Evelyn, Gargano arrested plaintiff at the place of occurrence. *See* defendants' *Exhibit E* attached to Beath Decl.  On February 11, 2011, Evelyn swore out a

criminal court information  accusing plaintiff of committing the offenses of assault in the second degree, assault in the third degree, obstructing governmental administration("OGA") in the second degree, disorderly make conduct, reckless driving, obedience to police officers and flag persons and obstructing traffic  at an intersection. See defendants' Exhibit I attached to Beath Decl.

Plaintiff was forced to make eighteen  court appearances while the case was pending. *Exhibit 5*. The plaintiff stood trial for all the charges sworn to by Evelyn except assault in the second degree and attempted assault in the third degree. *Id*. Ultimately, the plaintiff was acquitted of all charges related to her striking the defendant with her vehicle, namely assault in the third degree, obstructing governmental administration, reckless driving and disorderly conduct. *Exhibit 4*.

Due to the prosecution on charges involving the alleged striking of Evelyn with her vehicle, plaintiff was terminated from her job with the Access-a-Ride provider, Professional Transit. *Exhibit 1*, 100:16-106:25. Plaintiff was unable to obtain other employment due to the criminal case pending against her for charges that ultimately resulted in an acquittal. *Exhibit 1*, 106:23-107:9. As a result of her termination and inability to obtain employment while the criminal case was pending, plaintiff suffered economic loss. *Exhibit 1*, 109:13-110:22.

During the course of the criminal proceedings, plaintiff was only offered a plea to misdemeanor charges related to the counts of the information that resulted in an acquittal.

*Exhibit* 1, 78:10-80:5, *Exhibit 5*. On several occasions she was offered pleas that only involved her serving jail time. *Exhibit 5*. Plaintiff was subject to all orders of the court pursuant to New York statute including the issuance of a bench warrant if she failed to appear for any of her court appearances.

Despite being granted   medical leave by the New York City Police Department, a staff member at Beth Israel Hospital who treated Evelyn on February 11, 2011 at 1:16 P.M. that  there was no swelling, bleeding or bruising. *Exhibit 7*. Evelyn brought a lawsuit against the company plaintiff worked for at the time of the incident for the injuries he allegedly suffered. The case was settled for only $4,000.00. *Exhibit 8*.

## ARGUMENT

## POINT I

### SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS A VALID MALICIOUS PROSECUTION CLAIM

#### A.    The Defendants Do Not Satisfy the Summary Judgment Standard

A court may only grant summary judgment  if it is satisfied that "there is no genuine issue as to any material fact." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 248 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997). The court must draw all factual inferences and resolve all ambiguities in favor of the nonmoving party. *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 436 (2d Cir. 1999).  The Supreme Court has held that "all that is required [from a non-moving party] is that sufficient evidence

supporting the claim factual dispute can be shown to require a judge or jury to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. City Service Company,* 391 U.S. 253, 288-89 (1968). Additionally, it is settled rule that "credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *Fischl v. Armitage*, 128 F.3d 50, 55 (2nd Cir. 1997). A clear factual dispute exists on the material issue of whether the defendant had probable cause to arrest the plaintiff. Only a trier of fact can resolve this issue.

The elements of a malicious prosecution claim under New York law are (1) that the defendant initiated prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. *Posr v. Court Officer Shield #207,* 180 F.3d 409, 417, (2d Cir. 1999). To maintain a cause of action for malicious prosecution under 42 U.S.C. § 1983, plaintiff must also prove a fifth element; that she suffered a sufficient post-arraignment liberty interest that implicates her Fourth Amendment rights. *Murphy v. Lynn,* 118 F.3d 938, 944-946 (2d Cir. 1997).

The defendants concede that Evelyn initiated the prosecution against the plaintiff by swearing out a criminal court complaint charging her with the crimes for which she was prosecuted. Contrary to defendants' contentions, the plaintiff has set forth evidence to demonstrate that the remaining four elements have been satisfied.

5

**B.     The Plaintiff Received a Favorable Disposition of the Serious Charges Despite Being Convicted on Minor Traffic**

When a criminal defendant is convicted of lesser charges, but acquitted of more serious, distinct charges, she will satisfy the favorable disposition on the merits element of malicious prosecution. *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989). The facts presented in *Janetka* are striking similar to the instant case. Janetka was charged with disorderly conduct, a violation for yelling at another individual on a public street. He was also charged with resisting arrest, a misdemeanor,  arising from an alleged altercation with a police officer who was effectuating his arrest. A jury found Janetka guilty of the lesser offense, but not guilty of resisting arrest. *Id* at 188-89. The Second Circuit reversed the trial court's order for a directed verdict holding that, "to hold that an acquittal does not constitute a favorable disposition would be particularly inappropriate in this case, where the charge for which Janetka was acquitted was more serious than the one for which he was convicted." *Id* at 190. The court went on to state that "if the dispositive factor is whether, as the district court held, the charge resulting in acquittal "arose out of the events that occurred on the same occasion" as a charge resulting in conviction, then police officers could add unsupported charges to legitimate minor charges with impunity." *Id* at 90, *See DiBlasio v. City of New York,* 102 F.3d 654, 658 (2d Cir. 1996) ( Jacobs, J., concurring); *Pichardo v. New York City Police Dept*, 98 CIV. 429 (DLC), 1998 WL 812049, *4 (S.D.N.Y. Nov. 18, 1998).  Here, the plaintiff was charged with two traffic violations which would not have ordinarily warranted a custodial arrest. She was also charged with much more serious misdemeanors for separate

6

and distinct conduct  that could have resulted in the incarceration of plaintiff.

Since the charges that plaintiff was acquitted of are separate and distinct from those resulting in her convictions, the court must separately analyze the charges claimed to have been maliciously prosecuted (without probable cause). *Posr v. Coherty,* 944 F.2d 91, 100, *Davis v. City of New York*, 373 F. Supp. 2d 332, 334 (S.D.N.Y. 2005). First probable cause for disobedience to police officers and flag Persons and obstructing traffic at an intersection, both Vehicle and Traffic Law violations,  does not preclude a malicious prosecution claim as to assault in the third degree, reckless endangerment in the second degree, reckless driving and  obstructing  governmental  administration  in  the  second  Degree  ("OGA"),  all misdemeanors, because the latter charges are greater offenses than the offenses for which the police had probable cause. See *Posr*, 944 F.2d at 100 ("disorderly orderly conduct is a lesser charge  than  resisting  arrest  and  assaulting  officer....  we  should  not  allow  a  finding  of probable cause on this charge to foreclose a malicious prosecution of action on charges requiring different, and more culpable behavior.") Second, probable cause for the two traffic violations does not preclude a malicious prosecution claim for the misdemeanor charges and disorderly conduct because the two groups of charges involve distinct conduct  and distinct elements. [1]

---

[1]The charges that resulted in conviction are defined as follows: Obstructing Traffic in an Intersection: "When vehicular traffic is stopped on the opposite side of an intersection, no person shall drive a vehicle into such an intersection, except when making a turn unless there is adequate space on the opposite side of the intersection, except when making a turn unless there is adequate space on the opposite side of the intersection to accommodate the vehicle he is driving notwithstanding the indication of a traffic control signal which would permit him to proceed."

The two traffic offenses involved conduct that occurred before plaintiff allegedly

drove off hitting the defendant with her vehicle. The blocking of the intersection occurred

before Evelyn even approached the vehicle. As defendant admits in his memorandum of law,

" As Officer Evelyn was speaking with plaintiff about her unlawful conduct (blocking

---

N.Y.V.T.L. §1175; Obedience to Police Officers and Flagpersons: "No person shall fail tor
refuse to comply with any lawful order or direction of any police officer or flagperson or other
duly empowered to regulate traffic." N.Y.V.T.L. § 1102. Both these offenses are violations
punishable by up to 15 days in jail.

The charges that resulted in acquittal are defined as follows: Assault in Third Degree: A
person is guilty of assault in the third degree when he recklessly causes physical injury to another
person. Penal Law § 120.00(2); Reckless Endangerment in the Second Degree: A person is guilty
of reckless endangerment in the second degree when he recklessly engages in conduct which
creates a substantial risk of serious physical injury to another person. Penal Law § 120.20;
Obstructing Governmental Administration in the Second Degree:  A person is guilty of
obstructing governmental administration when he intentionally obstructs, impairs or perverts the
administration of law or other governmental function or prevents or attempts to prevent a public
servant from performing an official function, by means of intimidation, physical force or
interference, or by means of any independently unlawful act, or by means of interfering, whether
or not physical force is involved, with radio, telephone, television or other telecommunications
systems owned or operated by the state, or a county, city, town, village, fire district or emergency
medical service or by means of releasing a dangerous animal under circumstances evincing the
actor's intent that the animal obstruct governmental administration. Penal Law § 195.05;
Disorderly Conduct: A person is guilty of disorderly conduct when, with intent to cause public
inconvenience, annoyance or alarm, or recklessly creating a risk thereof he obstructs vehicular or
pedestrian traffic .Penal Law § 240.20(5) Reckless Driving: driving or using any motor vehicle,
motorcycle or any other vehicle propelled by any power other than muscular power or any
appliance or accessory thereof in a manner which unreasonably interferes with the free and
proper use of the public highway, or unreasonably endangers users of the public highway.
Vehicle and Traffic Law § 1212.

intersection and not obeying his order to turn her vehicle), she moved her car, striking him." *See* Defendants' Memorandum of Law, p. 6. The failure to obey a police officer involved her failure to turn as directed by the defendant, not her hitting him with her vehicle. The charges of reckless endangerment, reckless driving, obstructing governmental administration all involved the allegation that she prevented the officer from giving her a traffic summons by driving away and striking him with her vehicle.

The assault, reckless driving and reckless endangerment charges involved the element of recklessness. This element is not present in the two traffic violations. Moreover, the traffic violations are not lesser included charges of the assault, reckless driving and reckless endangerment. The assault and reckless endangerment counts require actually causing injury or creating substantial risk of injury. These two counts could only relate to the alleged striking of the defendant with plaintiff's vehicle.

Obstruction of governmental administration ("OGA") has the element of intent along with the necessary use of force or an independent means to obstruct. Independent means does mean failing to heed an order from a police officer to turn your vehicle to prevent it from blocking an intersection nor is failure to obey a police officer or flag person a lesser included of OGA. Courts have held that conduct similar to plaintiff's does not rise to the level of OGA with respect to obstruction by means of an independently unlawful acts." For instance, courts have held that refusal to respond to an officer's request for identification is not an "independently unlawful act."*People v. Offen* 96 Misc.2d 147, 151 (Criminal Court, N.Y.

9

County, 1978) (refused request for identification and walked away); *People v. Alston*, 9 Misc.3d 1046, 1048, 805 N.Y.S.2d 258, 260 (Criminal Court, New York County, 2005) (on a traffic stop, the defendant failed to comply with officer's request for a license, registration and insurance card); *People v. Bryan*, 190 Misc.2d 818, 741 N.Y.S.2d 669 (City Court, City of Poughkeepsie, 2002). Similarly, in the absence of legal authority to detain a person for questioning, that person is not guilty of obstructing governmental administration" for declining to answer questions and "walking away or even running" from the officer. *People v. Ferreira*, 10 Misc.3d 441, 443, 807 N.Y.S.2d 832 (Criminal Court, N.Y. County, 2005). Based on the foregoing, the obstruction charge concerned  the  alleged striking of the defendant with her vehicle and not her refusal to make a turn as directed to by the defendant.

Reckless Driving requires more than blocking an intersection. In *People v. Spencer*, 129 N.Y.S.2d 474 (1954), the Court wrote that in order to find reckless driving, the triers of fact had to find that the defendant drove his automobile in a manner showing wanton disregard of the rights and consequences of others using the public highway. In *People v. Garo*, 208 Misc. 196, 144 N.Y.S.2d 107 (1955), the Court wrote that in order to justify conviction of a motorist for reckless driving, the Court must find that the conduct must be so reckless as to constitute culpable or gross negligence. Blocking an intersection cannot be considered grossly negligent conduct. Like the charge for OGA, the reckless driving charge concerned the striking of the defendant with her vehicle, which resulted in an acquittal.

The Penal Law violation of disorderly conduct requires either a reckless or intentional

10

state of mind. The VTL violation of blocking an intersection and disobeying an officer does not have this element and is not a lesser included of disorderly conduct.

The conduct required for the conviction charges did not give defendant probable cause to initiate proceedings for the charges which resulted in an acquittal. The elements of the traffic violations that led to conviction did not give Evelyn probable cause to prosecute her for the acquittal charges.

The defendants' reliance on *Heck v. Humphrey*, 512 U.S. 477 (1994), is misplaced. The plaintiff is not directly or indirectly challenging her prosecution for the two traffic violations that resulted in convictions. The more serious charges related to striking defendant with her vehicle are distinct from the minor charges that she was convicted for committing; therefore, she is not trying to invalidate a prosecution that did not end in failure. She is pursuing legitimate malicious prosecution claim allowed by *Janetka v. Dabe* and its progeny.

**C.     The Plaintiff Suffered a Constitutional Injury as a Result of the Prosecution Initiated by Defendant Evelyn**

The United States Supreme Court has ruled that in order to prevail on a malicious prosecution claim under §1983, plaintiff must demonstrate that there was a sufficient post-arraignment liberty interest to implicate the plaintiff's Fourth Amendment right against unwarranted seizure. *Albright v. Oliver,* 510 U.S. 266 (1994). Unfortunately, the Supreme Court refused to reach the question of what constitutes a sufficient post arraignment liberty interest to satisfy their requirement of a seizure or constitutional injury. In the wake of the *Albright* decision, the individual Circuit Courts have been left to decide what constitutes a

11

post-arraignment seizure. However, Justice Ginsberg in a concurring opinion states the circumstances where a seizure can occur without a defendant being incarcerated following an arraignment:

> "This view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control upon his release from a police officer's physical grip. He is required to appear in court at the state's command. He is often subject, as in this case, to the condition that he seek formal permission from the court (at significant expense) before exercising what would otherwise be his unquestioned right to travel outside the jurisdiction. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense.
>
> "A defendant incarcerated until trial no doubt suffers greater burdens. That difference, however, should not lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense. Such a defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. He is equally bound to appear, and is hence "seized" for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court."

*Albright v Oliver*, 510 US 266, 278-79, 114 S. Ct 807, 815-16, 127 L Ed 2d 114

[1994]. Nakia Evans suffered the type of injury envisioned by Justice Ginsberg including the loss of her and the loss of employment prospects caused by the need to make numerous court appearances In the wake of *Albright*, the circuit courts have been split on what constitutes a constitutional injury.

Since 1994, the Second Circuit has evolved on the issue of constitutional injury in three opinions following *Albright*. In *Singer v. Fulton County Sheriff,* 63 F.3d 110 (1995), the plaintiff was arrested and released on his own recognizance after his arraignment. The

record before the Court contained no details concerning how many court appearances he was forced to attend or any other restrictions he faced as a result of the prosecution. The Court was, therefore,  unable to decide whether there was a seizure sufficient to implicate the Fourth Amendment. In dicta, the Court did suggest that a restriction on travel may constitute such  a seizure, but was silent on whether being compelled to make numerous court appearances would constitute a seizure. *Id* at 117.

The Second Circuit, in *Murphy v. Lynn* expanded of what constitutes a constitutional injury. The Court stated:

> "In the present case, Murphy was arrested on November 13 without a warrant, and he spent that night in jail. No judicial proceedings preceded Murphy's arrest or detention; and after his arraignment on November 14, following defendants' filing of the accusatory instruments against him, he was not again incarcerated. The question, therefore, is whether the order that Murphy not leave the State of New York **or** the requirement that he attend court appointments constituted a "seizure" within the meaning of the Fourth Amendment. We conclude that they did."(emphasis added).

*Murphy v Lynn*, 118 F3d 938, 945 [2d Cir 1997].  The Court was silent on whether the number of appearances mattered or whether the restriction on travel had to be explicit. In a case decided after *Murphy*, the Second Circuit ruled that a summons requiring one court appearance, without further restrictions does not constitute a Fourth Amendment seizure. *Burg v. Gosselin,* 591 F.3d 95, 98 (2d Cir. 2010). However, the Court, noting that *Murphy* involved eight appearance, stated that "the number of appearances may bear upon whether there was a seizure." *Id* at 98.

In  *Rohman v, Bianco*, 215 F. 3d 208 (2d Cir. 2000), the most recent Second Circuit

13

case on the issue of what constitutes a constitutional injury, the plaintiff was required to make five post-arraignment appearances, but not explicitly restricted in out-of-state travel. The Court concluded that these appearances would be sufficient to constitute a seizure implicating the Fourth Amendment and went on to state: "In addition, we note that in New York, a criminal defendant released on his own recognizance, as Rohman was must "render himself at all times amenable to the orders and processes of the court," N.Y. Crim. Proc. Law §510.40, and therefore must ordinarily remain in the state." *Id.* at 216. The requirement of five court appearances and the operation of the New York statute amounts to a seizure implicating the Fourth Amendment.

Plaintiff Nakia Evans was forced to make eighteen appearances, five of which were for trial and, like the plaintiff in *Rohman*, had to render herself at all times amenable to the orders and processes of the court pursuant to Crim Proc Law § 510.40. Had she failed to make an appearance during the course of the criminal litigation the court could have ordered a bench warrant for her arrest. Her ability to obtain employment was hindered by the numerous appearances she had to make to answer the false charges brought against her and the trial she had to endure. District courts, in the wake of *Rohman*, have ruled that an individual who has had to make far fewer appearances than plaintiff, and who were subjected to the restrictions of Crim Proc.Law §510.40 had satisfied the seizure element of a malicious prosecution claim. *See Morganv. Nassau County,* 2009 WL 2882823 (E.D.N.Y. September 2, 2009) (several court appearances and commenced trial sufficient to establish a seizure);

14

*Kirk v. Metropolitan Transp. Auth.,* 99 CV-3787, 2001 U.S. Dist. LEXIS 2786 (S. D.N.Y. March 19, 2001)( three court appearances with no explicit travel restrictions with the plaintiff facing bench warrant if he didn't appear rendered him effective seized because he was subjected to restraints not shared by the general public); *Cornett v. Brown*, 04 CV0754(DGT)((LB), 2006 WL 845568, *14-*15 (E.D.N.Y. Mar. 30) ( unspecified number of court appearances with no explicit travel restrictions and no trial sufficiently implicated Fourth Amendment).

In a case decided after *Murphy*, but before *Rohman*, the court, arguing that Murphy did not require a combination of court appearances and explicit travel restrictions, found that a plaintiff who was required to make three court appearances and change her vacation plans raised a genuine issue of fact as to the deprivation of liberty element of her malicious prosecution claim. *Sassower v. City of White Plains*, 992 F. Supp. 652, 656 (S.D.N.Y 1998).

In a case decided in the Eastern District, the court found that a plaintiff who was required to appear for a four-day trial without a specific travel restriction had pleaded a sufficient constitutional injury:

> "The Court finds that the facts of the instant case, where the plaintiffs were required to attend a four-day trail and were subject to the provisions of N.Y. Crim. Proc. Law § 510.40, to be nearly identical to those in *Rohman*. As Murphy and Rohman are binding precedent upon this Court, the Court finds that plaintiffs have alleged a sufficient deprivation of liberty to establish malicious prosecution under §1983 despite the absence of a special travel restriction."

*Genia v. New York State Troopers*, 03-CV-0870, 2007 WL 869594 at *616 (E.D.N.Y. Mar

20, 2007).  The deprivations of liberty suffered by the plaintiff are  almost identical to those suffered by the  plaintiffs in *Murphy, Rohman* and *Genia*.

        The defendants cite three cases that support their contention that plaintiff has not demonstrated a sufficient deprivation of liberty.  In  *Parkash v. Town of Southeast*, 10 CV 8098 (VB), 2011 U.S. Dist. LEXIS 128545 at*14-*16 ( S.D.N.Y. Sept. 30, 2011), the plaintiff was issued a non-felony appearance tickets for offenses which could not result in any form of detention. The court wrongly held that *Rohman* required both compelled court appearances and an explicit travel restriction.

        *Johnston v. Port Auth. Of N.Y. & N.J.*, 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *19-*20 (S.D.N.Y Sept. 30, 2011) also involved a plaintiff who  was issued an appearance ticket and made four appearances. The court cited *Murphy v. Lynn,* but completely ignored the holding in *Rohman v. Bianco* which is established precedent in the Second Circuit.

        In a Southern District case, the court ruled on a plaintiff's claim for malicious prosecution where he was served with an appearance ticket for violations of the building code, made an unspecified number of appearances and was ultimately convicted of a violation after a trial. *Dellutri v. Elmsford,* 895 F.  Supp. 2d 555, 570 (S.D.N.Y. 2012). The court,  while noting the difficulty the district courts have had with this issue, ruled against the plaintiff noting that a case, "involving a plaintiff charged with non-felony offenses who was neither arraigned nor physically detained but who might have made a number of

appearances counsels against finding a constitutional injury (citations omitted)." *Id* at 570. Like the judge in *Johnston*, the court ignored the *Rohman* holding that a travel restriction need not be explicit.  Plaintiff Nakia Evans was subjected to far greater deprivations of liberty than those suffered by the plaintiffs in Dellutri and the other cases cited by the defendants.

Defendants argues  that the limitation of her liberty was not caused specifically by her prosecution on the charges ultimately terminated in her favor because she maintained her innocent of all charges. In  *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989), the Second Circuit noted that a situation where "allowing a police officer to add unwarranted misdemeanor charges to valid violation charges would force an accused to go to trial on the misdemeanor when he otherwise would plead to the violation." This very circumstance occurred in the instant case. Ms. Evans was never offered a plea to anything less than misdemeanor charges and was forced to make 18 court appearances, proceed to trial.

## D.  The Defendant Did Not Have Probable Cause on the Charges That Resulted in an Acquittal

Plaintiff, in order to defeat a motion for summary judgment on the malicious prosecution  claim, shall show sufficient facts that the prosecution was initiated by the defendants without probable cause.  Probable cause exists "when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person arrested." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir. 1991);  Defendant has the initial burden of

proving probable cause. *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34 (2nd Cir. 1985).

Evelyn insists that he was struck by plaintiff's vehicle. Plaintiff and the eyewitness, Donald Malcolm have sworn that Evans never made contact with Evelyn with her vehicle. There is also evidence in the record that Evelyn showed no outward manifestation of any hip or leg injury after the alleged incident and that, despite his obtaining sick leave for his alleged injuries, staff at the hospital who treated him in the emergency room noticed no swelling, bruising or bleeding. There is clearly a genuine, material issue of fact whether defendant was struck by the vehicle giving him  probable cause to initiate prosecution on the charges of attempted assault in the third degree, assault in the third degree, reckless endangerment in the second degree, reckless driving, obstruction of governmental administration in the second degree and disorderly conduct.

**E.     The Plaintiff has Satisfied the Actual Malice Element of Prosecution**

While the lack of probable cause to institute a proceeding and proof of actual malice are independent and indispensable elements of a malicious prosecution, the absence  of probable cause does bear on the malice issue. *Lowth v. Town of Cheektowage*, 82 F.3d 563, 573 (2d Cir. 1996) (malice may be inferred from the lack of probably cause); *see (Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 364 N.E.2d 1304, 1307 (1977) (Under New York State law actual malice typically is shown by circumstantial evidence, including a lack of probable cause).

18

Actual malice "does not require a plaintiff to prove that the defendant was motivated by spite or hatred,"but that he initiated the criminal proceeding "due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Rounseville v. Zahl,* 13 F.3d 625, 629-30 (2d Cir.1994). Here, there is a clear and genuine dispute over whether Evelyn had probable cause to initiate the proceedings. Moreover, the plaintiff has offered sufficient evidence that Evelyn, by initiating a prosecution on false charges related to being struck by plaintiff's vehicle,  was not motived to see the ends of justice served.

## POINT II

**Defendant Evelyn is Not  Entitled To Qualified Immunity As A Matter of Law Because There is A Genuine Issue of Fact Whether It Was Objectively Reasonable For Them To Believe That The Prosecution Was  Lawful.**

A state actor is entitled to qualified immunity if his conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known and it was objectively reasonable for him to believe at the time of the alleged action that his actions were lawful.  There is no dispute that the plaintiff had a clearly established right to be free from malicious prosecution. However, the defendants argue that it was objectively reasonable for defendant Evelyn  to believe that his  actions were lawful.

A defendant police officer would be entitled to qualified immunity as a matter of law if the undisputed facts and all permissible  inferences to the plaintiff show that officers of reasonable competence could disagree on whether the probable cause test was met. *Robinson v. Via (Bia)*, 821 F.2d 913, 921 (2nd Cir. 1987); *Cerrone v. Brown*, 246 F.3d 194, 203 (2nd Cir.

2001). This Court, given the two disparate versions of the circumstances leading to the initiation of the prosecution against plaintiff on the acquittal charges cannot, as a matter of law, determine whether the arrest was objectively reasonable.  Immunity should be decided by the Court only in cases where the facts  concerning the availability of the defense  are undisputed; otherwise jury consideration is normally required.  *Oliveira v. Mayer*, 23 F.3d at 649 (2nd Cir. 1989).  This Court cannot possibly decide immunity as a matter of law when both sides dispute whether the plaintiff struck defendant with her vehicle.

### POINT III

### PLAINTIFF'S CLAIM FOR DEFENDANT GARGANO'S FAILURE  TO INTERVENE SHOULD SURVIVE

It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. *See O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir.1988); *Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir.1986); *Webb v. Hiykel,* 713 F.2d 405, 408 (8th Cir.1983); *Bruner v. Dunaway,* 684 F.2d 422, 426 (6th Cir.1982), *cert. denied,* 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983); *Byrd v. Brishke,* 466 F.2d 6, 11 (7th Cir.1972). An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, *see O'Neill,* 839 F.2d at 11-12; (2) that a citizen has been unjustifiably arrested, *see Gagnon v. Ball,* 696 F.2d 17, 21 (2d Cir.1982); or (3) that any constitutional violation has been committed by a law enforcement official, *see O'Neill,* 839

F.2d at 11. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.]

Defendant Gargano arrived at the scene, but did not question Mr. Malcolm about what he observed regarding Evelyn's claim that he was struck by plaintiff's car. Had he interviewed Malcolm he would have learned that the vehicle could not have struck Evelyn. He would have had a reasonable opportunity to intervene and, as arresting officer, informed the prosecuting agency to declare those charges that resulted in plaintiff's acquittal be vacated.

**POINT IV**

**THE PLAINTIFF OFFERS NO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION AND THE MONELL CLAIM AGAINST DEFENDANT CITY OF NEW YORK**

The plaintiff does not oppose the dismissal of the Monell claim since there is no evidence that the plaintiff was denied a federally guaranteed right as a result of an established municipal right. Also, the plaintiff offers no opposition to the dismissal of all claims against defendant Crawford or to the claim against defendant Gargano for malicious prosecution because there is no evidence that either officer initiated the prosecution against plaintiff or failed to supervise defendant Evelyn.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the defendants' motion for summary judgment be denied as to defendant Evelyn on the malicious prosecution claim and defendant Gargano on the failure to intervene claim, and for such other relief as may be

21

just, proper and equitable.


Dated:   Brooklyn, New York
             February 25, 2014

                                         Respectfully submitted,


                                         s/_____
                                         EDWARD FRIEDMAN (EF-4000)
                                         Attorney for Plaintiff
                                         26 Court Street - Suite 1903
                                         Brooklyn, New York 11242
                                         (718) 852-8849